### SOULE *vs.* THE STATE OF GEORGIA.

71  267
100  107

By the Code, §4422, two kinds of acts are made criminal; first, where one fraudulently converts to his own use an article entrusted to him, and second, where he otherwise disposes of the article, but to the injury of the owner and without his consent, and without paying him the full value or market price of the article upon demand.

(*a.*) A railroad ti. ket was entrusted to the defendant in Fulton county, Georgia, with the right to use a specified portion of the coupons thereto attached, with the distinct engagement that upon reaching Jacksonville, Florida, his point of destination, he would return the ticket with the balance of the coupons, to the party who entrusted him therewith. This he failed to do, after repeated demand by telegraph and otherwise. He was brought back to Fulton county, and before the institution of the prosecution, a demand was made upon him for the full value or market price of the ticket and coupons. To this he failed to respond:

*Held*, that there was sufficient to warrant a verdict of guilty of larceny after trust in Fulton county.

February 2, 1884.

Criminal Law. Larceny. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

v 71–18

Defendant was indicted for larceny after trust. The evidence showed, in brief, as follows: He desired to go from Atlanta, Georgia, to Jacksonville, Florida, and purchased from one Shelton a ticket for that purpose. The ticket was a round-trip ticket with coupons for passage from Chicago to Jacksonville and return. As the coupons were not good if detached, defendant was entrusted with the entire ticket to use the coupons to Jacksonville and return the balance. One Kattenhorn went security for defendant, so that the latter could obtain the ticket, and he was the person charged in the indictment to have been defrauded. After reaching Jacksonville, defendant was called upon both by telegram and by personal application to return the ticket, but failed and refused to do so. He was brought back to Atlanta under a requisition from the Governor of Georgia, was carried before a committing magistrate, and Kattenhorn made demand upon him for the tickets or their price, $50.00, but defendant did not comply with the demand. The ticket contained a limit on its use, which expired before the prosecution was begun.

Defendant, in his statement claimed to have lost the ticket. He was convicted, moved for a new trial on the grounds set out in the decision, which was overruled, and he excepted.

C. D. HILL; FRANK L. HARALSON, for plaintiff in error.

B. H. HILL, solicitor general, by brief, for the state.

HALL, Justice.

The defendant was indicted, tried and convicted, under §4422 of the Code, for the offence of larceny after a trust. A motion was made for a new trial, and refused, upon the following grounds:

(1.) That the verdict is contrary to law and evidence.

(2.) Because the court erred in charging that, if the defendant did not fraudulently convert the tickets to his own use in Fulton county, the jury should look further to

the evidence to see whether he disposed of them out of said county, without the consent of the owner or bailor, and to his injury, and whether he failed or refused to pay over to the owner or bailor, on demand, the full value or market price of said tickets in said county; that if they found he did dispose of them outside of the county and without the consent of the owner or bailor, and to his injury, and afterwards, in said county, he failed, on the demand of the owner or bailor made in this county, to pay over the full value or market price of them, he would be guilty. That they would observe that there were two propositions: First, did he convert the tickets in this county? Second, did he dispose of them without this county and without the consent of the owner or bailor, and on his demand in this county, fail to pay over to him their full value or market price, and if either of these propositions were found to be true, it would be their duty to find him guilty.

(3.) Because the proof showed that at the time of the demand made in this county, the article was of no value.

(4.) Because the railroad ticket and coupons entrusted to defendant had no legal value.

(5.) Because there was no sufficient proof of any conversion of the article entrusted by defendant, he having in his statement averred that he had lost the same.

The only one of these grounds confidently relied upon for a reversal of this judgment is the second; and we are of opinion that the law was stated in that ground as favorably to the defendant as was allowable under the section of the Code above cited and the various decisions of the court thereunder.

There is no doubt that the ticket in question was entrusted to the defendant in Fulton county, with a right to use a specified portion of the coupons thereto attached, with the distinct engagement when he reached Jacksonville, Fla., his point of destination, he would return the ticket, with the balance of the coupons, to the party entrusting him with it, at Atlanta. There is equally as little

doubt that he was repeatedly called upon by telegram and otherwise to fulfill his engagement, and that he took no notice of these several urgent requests. He was seen with the ticket in Jacksonville, Florida, and advised to return it, which he refused to do. He was brought back to Atlanta, and in Fulton county, before the institution of the prosecution, a demand was made on him there for the full value or market price of the ticket and coupons, with which he failed to comply. A charge has been seldom more completely sustained by proof than in this instance. Every requirement of the law under which he was indicted has been fully met. It was shown that he was " entrusted" with this ticket and the coupons for a specified purpose ; he fraudulently converted the same to his own use without the consent of the person entrusting them to him, and to his injury, and without paying to him, on demand at the place where they were so entrusted, either the full value or market price thereof. Code, §4422. In the case of *McCay vs. The State,* 15 *Ga.*, 205, 208, which seems to have been well considered, Benning, J., speaking of this statute, and applying it to the case then before the court, and which in its main features is much like the present, said : "These words make two kinds of acts criminal : First, that in which the party fraudulently converts the article to his own use. Second, that in which he otherwise disposes of the article, but to the injury of the owner and without his consent, and without paying him the full value or market price of the article. In the first kind, the crime is complete as soon as the party fraudulently converts the article to his own use. Nothing more need happen. It is not necessary that he should also refuse to pay the owner the full value or market price of the article. In the second class, * * * to make the crime complete, three other things must also exist—an injury to the owner, the non-consent of the owner, a failure to pay the owner the full value or market price of the thing disposed of," and as we think, upon demand for the same.

In *Snell vs. The State*, 50 *Ga.*, 219, 222, where no demand and refusal or failure to account for the full value or market price of the thing converted was alleged, and where the prosecution proceeded solely upon the fraudulent conversion, this court required that fact to be shown, but added, that they would not say that such fraudulent conversion could not, in any case, be made out by proof of a demand and refusal; that circumstances could be conceived of where a demand and refusal might show very clearly that the use was originally fraudulent. Were it necessary to go so far, we would be inclined to hold that circumstances exist in this case which make this demand and refusal strongly indicative of an original fraudulent intent to wrong and injure, and to abuse the confidence of the party reposing this trust in the defendant. The article was of value when he should have returned it, according to his undertaking, and when, as it should be legally presumed from all the facts, he fraudulently converted it, to the owner's injury and against his consent. It is mockery to set forth that it had ceased to be of value when the demand was made, and at the place where it was made. It was of value when it was converted, and the demand was for its value or its market price at that time. The limitation put upon its use had expired at the time of making the demand, and this was well known to the prosecutor, who was not required to do a vain and nugatory thing, and who attempted nothing of the sort.

It seems to us that the allegation by the defendant in his statement that he had lost this ticket was the merest pretext, utterly at variance with other controlling facts, which he neither explained nor denied. While the jury might trust his statement and act upon it in preference to the sworn testimony, it was optional with them to do so; they saw proper to give it no weight; and neither we nor the judge who presided at the trial have any authority to review their action in this respect.

Judgment affirmed.