BLOUNT *vs.* THE STATE OF GEORGIA.

Where an indictment charged the defendant with stealing two dollars in lawful currency of the United States, and the proof showed that the money stolen was two silver dollars this sufficiently established the description in the indictment.

(*a.*) This case does not fall within the ruling in 64 *Ga.*, 61.

February 9, 1886.

Criminal Law.   Larceny.   Before Judge CLARKE.   City Court of Atlanta.   March Term, 1885.

Reported in the decision

GRAY & WAY, for plaintiff in error.

H. C. GLENN, solicitor city court, by brief, for the state.

HALL, Justice.

The defendant was charged with larceny from the house, and found guilty upon an accusation made by the proper officer of the city court of Atlanta, wherein it was alleged that he wrongfully, fraudulently and privately took, stole and carried away from the market-house of the prosecutors, situated in said county of Fulton, "two dollars in lawful currency of the United States," there being found, which was of the value of two dollars, and which belonged to prosecutor, with intent to steal the same.

But a single question is raised by this record: it was proved on the trial that the money stolen from the place, and in the manner laid in the accusation, was two silver dollars, but it was not shown by direct proof that the coin thus wrongfully abstracted was lawful currency of the United States.   It was insisted that, although this allegation was unnecessary, yet when made, it must be proved as laid; and such we understand to be the rule as settled by this court in several cases, most of which were collated and reviewed in *Watson's* case, 64 *Ga.*, 61.   This case does not fall within the rule there laid down.   The fact that the money stolen was silver coin establishes beyond controversy that it was "lawful currency of the United States," and conforms to the description in the accusation.   It is recognized by the constitution of the United States as lawful currency of that government, and is made thereby a legal tender in payment of debts.   No distinction in this re-

spect is made between the coin of the general government and that of foreign governments. The circulation of foreign coin is not inhibited; it is recognized as lawful by several acts of congress and a value affixed to its various denominations; the government itself receives it at the fixed value in payment of customs and dues, although it does not issue it as circulation until it has been re-coined. Rev. Stat. U. S., §§3565, 3566, 3567.

If this view of the law be correct (and we do not think it at all doubtful that it is), then there was no error in this conviction, and it must result in an order that the judgment be affirmed.