State vs. Eames.

No. 10,048.

THE STATE OF LOUISIANA VS. W. F. EAMES.

An indictment for a statutory crime need not follow the exact words of the statute in setting forth the offense, it is sufficient if the words employed are of equivalent import and clearly convey the true and complete meaning of the language used in the statute. An indictment under sec. 903 for the embezzlement of moneys of the "Board of School Directors of the parish of Red River, which said money had been then and there entrusted to him as treasurer of the public school funds of said parish, etc.," sufficiently

embodies all the elements of the offense denounced in the statute, viz: 1st. That the money was public money, being school funds. 2d. That defendant was a public officer, being treasurer of the public school fund, an office created by law. 3d. That the entrusting to him, "*as* treasurer, " was an entrusting for "safe keeping or disbursement," as required by the statute. On the last point, the law creating the function of treasurer of the school funds, defines his duties to be exclusively those of "safe keeping or disbursement," and, moreover, the term treasurer, as denoting a public or private office, has a well-settled signification as "the title of an officer to whom funds are committed to be kept or disbursed."

Attention of prosecuting officers is called to the "practical hints" as to drawing of indictments, contained in Bishop on Statutory Crimes, § 386, an observance of which would obviate the frequent questions as to the validity of indictments.

APPEAL from the Tenth District Court, Parish of Red River. *Hall*, J.

*M. J. Cunningham*, Attorney General, and *J. C. Pugh*, District Attorney, for the State, Appellant:

1. Indictments for statutory offenses need only describe the offense in the language of the statute, or words of similar import. State vs. Pratt. 10 Ann. 191; State vs. Henry, 10 Ann. 207; State vs. Batman, 15 Ann. 156 ; Arch. Crim., P. and P., p. 14; Bishop on Crim. Prac , sec. 478; State vs. Williams, 37 Ann. 776; 33 Ann. 312; 36 Ann. 923.

2. If the statement of the real facts constitute a substantial violation of the statute, the indictment is sufficient. State vs. Hood, 6 Ann. 179.

3. It is a rule of criminal pleadings well settled, that presumption of law need not be stated, nor conclusions of law resulting from the facts of a case. It suffices to state the facts, and leave the court and jury to draw the inferences. 1 Chitty 231 ; 4 Manle 105; 2 Wilson 147; 5 Leach 591 ; see also dissenting opinion of Judge Preston in State vs. Stiles, 5 Ann. 329.

4. The principal object of pleadings in criminal cases is to inform the defendant of the nature, cause and character of the charge preferred against him, to the end that he may shape his proof accordingly.

5. The policy of criminal jurisprudence is to give a liberal construction to indictments and statutes. State vs. Stiles, 5 Ann. 329 ; State vs. Humphries, 35 Ann. 969; 38 Ann. 564 ; Ib. 567.

6. In criminal matters technicalities are not to be disregarded; but they must be subjected to reasonable restraints, and cannot be allowed to reduce the law to a mere "rhapsody of words."

*J. C. Egan*, for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The State is appellant from a judgment of the district court quashing the indictment in this case.

The indictment charges that the defendant " did feloniously, wrongfully use and convert to his own use, and conceal and embezzle eight hundred dollars, lawful money of the value of eight hundred dollars, of the property of the Board of School Directors of the parish of Red River, which said money had been then and there entrusted to said

W. F. Eames, as treasurer of the public school funds of the said parish of Red River," etc.

The statute under which the prosecution is based provides:

"Any officer of this State, or any other person who shall convert to his own use, in any way whatever, or shall use by way of investment in any kind of property, or merchandise, or shall loan, with or without interest, or use in any other manner than as directed by the law, any portion of public money which he is authorized to collect, or which may be entrusted to his safe keeping or disbursement, or for any other purpose, shall be guilty of an embezzlement of the same." R. S., Sec. 903.

Various defects are charged against the indictment, which may be summarized as follows:

1st. That it does not charge that the funds embezzled were *public* money.

A sufficient answer is, that the "Board of School Directors" in each parish is constituted by law a public corporation, charged with the control, administration and disbursement of the school funds; that such funds are public money, and that the allegation that the funds embezzled were those of said board sufficiently characterizes them as "public money."

2d. That it does not charge that Eames was "treasurer of the school fund," or occupied any fiduciary relation to the Board of School Directors.

The indictment charges that the funds were entrusted to him "*as* treasurer of the public school funds of the parish." The law establishes the office of "treasurer of the public school funds," makes him the custodian of said funds, to be disbursed exclusively on the warrants of the Board of School Directors, and requires his semi-annual accounting to said board, or "as often as required." Act No. 23 of 1877, §§ 8, 11, 13; act No. 70 of 1882, § 2, No. 12.

Thus, it conclusively appears that the indictment does allege that defendant is treasurer, and the law establishes the fiduciary relation between that officer and the board.

3d. The remaining ground of the motion to quash is that the indictment does not, in its terms, set out the offense denounced by the statute, in that it does not allege that the money converted was entrusted to defendant for "safe keeping or disbursement" or any other fiduciary purpose.

It is undoubtedly true that the statute makes the purpose of the trust an essential element of the crime, and equally true that the indictment, in order to be valid, must set forth such purpose.

But it is not essential that the offense should be described in the language of the statute. It is sufficient if all the elements of the offense are set forth in words of similar import to those employed in the statute—that is, in such words as clearly convey the real meaning of the language used in the statute. State vs. Williams, 37 Ann. 776; State vs. Humphries, 35 Ann. 966; State vs. Hood, 6 Ann. 179.

The question is simply whether the allegation that the funds embezzled had been entrusted to defendant " *as* treasurer of the public school funds," does not necessarily, *ex vi termini*, clearly and unequivocally import an entrusting " to his safe keeping and disbursement,' as set forth in the statute.

The office of treasurer of the school funds is one created by a public statute which defines its powers and duties, and these last are solely to receive and safely keep the school funds, to disburse them "only on warrants drawn " by the Board of School Directors, and to account to that body for his " receipts and disbursements as often as required " by it. Act No. 23 of 1877, §§ 8 to 13.

The entrusting of school funds to him " *as* treasurer of the school funds " was necessarily an entrusting for the purpose of " safe keeping or disbursement," because, under the law, they could have been entrusted to him, *as* treasurer, for no other purpose.

Indeed, aside from the clear, express definition of the functions of his office in the law creating it, the very word " treasurer," as denoting either a public or private office, has a fixed, general and legal signification of the same character.

Thus Worcester defines it as one having charge of the money, funds or revenues of a society, corporation, State or nation."

And Mr. Abbott, in his Law Dictionary, yet more pointedly defines it as the style or title of an officer to whom funds are committed to be *kept or disbursed*," adding, " the function is much the same in all cases, to take charge of the funds or revenues as they come in, to *keep them safely*, and make payments from them, as required from time to time."

It is not, therefore, a mere inference from the words used in the indictment, but an integral part of their essential meaning, that school funds entrusted to defendant " *as* treasurer," were so entrusted for " safe-keeping or disbursement," within the purview of the statute.

Thus, in Humphries' case, an indictment under sec. 790 R. S., which provides :

"If any person lying in wait, etc., shall shoot, etc., any person, with a dangerous weapon, with the intent to commit murder," etc., was held good, though the words "with a dangerous weapon" were omitted, the court saying: "Shooting a person wilfully, while lying in wait, with intent to kill him, cannot be done without a dangerous weapon." 35 Ann. 966.

This precedent more than covers the instant case.

The public service, however, would be much benefited if prosecuting officers, in drawing indictments for statutory offenses, would perform the simple and easy task of embodying the words of the statute, following the "practical hints" of Mr. Bishop on this subject, which should be the *vade mecum* of every district attorney, amongst which are mentioned the following sensible injunctions : " Never draw an indictment except with the statute spread out before you. Always employ the exact statutory words, and do not experiment with other words which you may deem to be sufficient as substitutes." Bishop on Statutory Crimes, sec. 386.

But, being satisfied in this case that words used in the indictment include the full meaning of those of the statute, and advise the defendant perfectly of the nature and cause of the offense with which he is charged, we think our brother of the district court erred in quashing it.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled and set aside, and that the case be remanded for further proceedings according to law.

Poché and Todd, J. J., having been absent at argument, take no part.