## CODY *v.* THE STATE.

1. A bill of indictment charging the accused with larceny after a trust delegated, in that he, being intrusted by the prosecutor with money for the purpose of holding and keeping the same for the bailor, fraudulently converted the same to his own use, sufficiently sets out an offense in contemplation of the statute and contains sufficient grounds to show a delegated trust. It is not necessary that any other disposition of the money be alleged, than its fraudulent conversion by the bailee to his own use.

2. Where the money intrusted is described as "ninety dollars in paper money of the value of ninety dollars, and two dollars in silver money of the value of two dollars," the description is sufficient.

Submitted January 6,—Decided January 21, 1897.

Indictment for larceny after trust. Before Judge Felton. Bibb superior court. November term, 1896.

*John R. Cooper,* for plaintiff in error.
*Robert Hodges, solicitor-general,* contra.

LITTLE, Justice.

The plaintiff in error was indicted in the superior court of Bibb county for the offense of larceny after trust, and, after the formal part, the indictment charged as follows:

"For that the said Pearce Cody, on the 21st day of September in the year 1896, in the county aforesaid, did then and there unlawfully, after having been entrusted by Bob Cherry, the owner thereof, with ninety dollars in paper money of the value of ninety dollars, and two dollars in silver money of the value of two dollars, for the purpose of holding and keeping said money for said Bob Cherry, he, the said Pearce Cody, did fraudulently convert said money to his own use and did otherwise dispose of said money without the consent of said Bob Cherry, the owner thereof, and to the injury of him the said Bob Cherry, and without paying the said Bob Cherry the said money or the full market value thereof, on demand, which demand was made."

To this bill of indictment the plaintiff in error filed a demurrer on three grounds: (1) That the bill of indictment does not set out the grounds for which the money was delegated in trust. (2) That it does not specifically describe the property in said bill of indictment. (3) That said bill of indictment does not show how the property was disposed of, but charges the same to be "otherwise disposed of." The court overruled the demurrer; the defendant excepted to that judgment, and the case is here on this exception.

1. The first ground of demurrer raises the question, whether one who is charged with having been entrusted with money by the owner to hold and keep for him, and who fraudulently converts the same to his own use, is guilty of any violation of the laws of the State. It is true that the

bill goes further and charges that the bailee did otherwise dispose of the money without the consent of the bailor and to his injury and without paying to the bailor on demand said money, or its full market value; but we regard the latter part of the charge as surplusage and as adding no strength to the preceding charge contained in the bill of indictment.

Section 191 of the Penal Code (§4422 of the Code of 1882) provides for the punishment of any factor, commission merchant, warehouse-keeper, wharfinger, wagoner, stage-driver, or common carrier on land or water, or *any other bailee* with whom any *money* or any other thing of value may be intrusted or deposited, who shall fraudulently convert the same or any part thereof to his own use, *or* shall otherwise dispose of the same or any part thereof without the consent of the owner or bailor, to his injury, and without paying the owner or bailor, on demand, the value or market price of same. It is manifest from a careful reading of the section above referred to that it provides for two distinct offenses: (1) If any of the bailees named, with whom any money or other valuable thing shall be intrusted or deposited, shall fraudulently convert the same or any part thereof to his own use, the statute is broken. (2) If any of such bailees with whom the property shall be intrusted or deposited, shall dispose of the same to the injury of the bailor (otherwise than to fraudulently convert it to his own use) without the consent of the bailor, and without paying to the owner or bailor, on demand, the full value or market price, he has committed an offense against which the statute provides. Each of these acts is made a distinct offense, punishable as provided in the section. *McCoy v. The State*, 15 *Ga.* 205; *Soule v. The State*, 71 *Ga.* 270.

The first of these offenses consists in fraudulently converting to his own use by the bailee any money or other thing of value which may have been intrusted to or deposited with him. The bill in this case distinctly charges,

that plaintiff in error, having been intrusted by the prose-
cutor with a sum of money named in the bill, for the pur-
pose of holding and keeping said money for him, the prose-
cutor, did fraudulently convert the same to his own use.
This alleges an offense contemplated and provided for by
the section of the code to which we have referred.    The
money was intrusted to the plaintiff in error to hold and
keep for the bailor.    These are the grounds and purposes
of the bailment, and when such has been done and the
bailee, having received the money intrusted for that pur-
pose, fraudulently converts it to his own use, the offense
is complete under the statute, and nothing more is required
either to be alleged or proven.    The alternative of "other-
wise disposing of the same and without paying the value on
demand" has no reference to this particular offense, but
alone to the second offense embraced in the statute, to wit:
where one who has been intrusted with money or other val-
uable thing shall, otherwise than by fraudulent conversion
to his own use, dispose of the property intrusted without
the consent of the owner or bailor, and who fails on de-
mand to pay the full value or market price.

We are cognizant of the fact that this section of the
Code was considered and construed by this court in the
case of *Sanders* v. *The State,* 86 *Ga.* 717, and that under
the construction then given to it, in the reasoning of
Justice Lumpkin, the bill of indictment now under review
could not be sustained.    It appears in that case that Sanders
was charged with fraudulently converting to his own use or
otherwise disposing of, without the consent of the bailor,
etc., fifteen head of beef cattle, etc.    On demurrer it was
held there, that the indictment could not be sustained under
§§4422 (the one under which the present bill was framed),
and that an indictment under it which charged the disposi-
tion of the property in the *alternative* was bad.

This ruling was the law, and we fully sustain it now; and
if the bill of indictment we have under review charged the

offense in the alternative, we would hold it bad under that authority. Such, however, is not the nature of the charge here made. The plaintiff in error is charged with fraudulently converting the property to his own use *and* otherwise disposing of the same, etc. Therefore the charge of fraudulent conversion is substantive and certain; it is not qualified by the conjunction *or*. On the contrary, he is charged with having fraudulently converted the property to his own use *and* disposing of it otherwise without the consent of the bailor. In the case against Sanders, the charge of fraudulent conversion was not made certain; in effect, he was charged with fraudulently converting to his own use, or disposing of the property intrusted to him. No bill on demurrer could be sustained on so uncertain a charge, and the judgment in that case was right.

In the reasoning there, a construction of §4422 of the Code of 1882, now §191 of the Penal Code, was given, which we cannot adopt as binding on this court. Justice Lumpkin construed the words, "or any other bailee," occurring in this section, as being ejusdem generis with factors, commission merchants and the other description of bailees enumerated, and concluded that the words, "any other bailee," "should be so restricted as to include only bailees of like kind as those specifically enumerated." The case did not require a construction of the statute in this regard, but turned on another point where his reasoning was conclusive. Therefore the construction of the statute as above quoted was obiter dictum, and is not to be held as an authoritative construction of that statute by this court; and we now rule (Mr. Justice Lumpkin concurring) that a proper construction of the words, "any other bailee," as they occur in said section, means to include any bailee, whether he be of the class enumerated or not; any person with whom money or any other thing of value may be intrusted or deposited. This construction of the statute includes the plaintiff in error within its terms, and he is

liable under it as a bailee, if the charge made in the bill
of indictment is true.

2. The demurrer raises the question whether the prop-
erty is specifically and sufficiently described in the bill.
The money charged to have been intrusted is described as
"ninety dollars in paper money of the value of ninety dol-
lars, and two dollars in silver money of the value of two
dollars." This description we deem sufficient. Theft or
larceny after a trust or confidence has been delegated or re-
posed, is one of the species or kinds of larceny contemplated
by the statute. (Penal Code, §154.) All of which, as to
description of the thing alleged to have been stolen, are
governed by the same rule. In the case of *Berry* v. *The
State*, 10 *Ga.* 511, the money alleged to have been stolen
was described as "two thousand dollars of gold and silver
coin, of the value of two thousand dollars, and five thousand
dollars in bank bills, of the value of five thousand dollars,"
and this court held such description sufficient. In *Watson*
v. *The State*, 64 *Ga.* 61, it was held that it was unnecessary
that the indictment should allege that the money converted
was lawful currency of the United States. In *Blount* v.
*The State*, 76 *Ga.* 17, under an indictment for larceny
from the house, the bill described the goods stolen as "two
dollars in lawful currency of the United States." In
*Crofton* v. *The State*, 79 *Ga.* 584, the property described
in the bill was "ninety-five cents in money, consisting of
silver and nickels, of the value of ninety-five cents." All
of these indictments were held to be good so far as descrip-
tion was considered. In many of the States, cited in Rapalje
on Larceny and Kindred Offenses, §77, it has been held that
the description of the property given in general terms as
money, silver money, etc., giving the value, is sufficient as
to matter of description. Our statute deals with money or
other valuable thing. If paper or silver money, of a given
value, be stolen or fraudulently converted, the statute is
broken. We conclude therefore that the description of

the property alleged to have been converted is sufficient to uphold the bill of indictment in the present case.

3. Our reasoning on the first ground of demurrer disposes adversely to the plaintiff in error of the third ground of his demurrer. The judgment of the court below overruling the demurrer is affirmed.

*Judgment affirmed.    All the Justices concurring.*