7752.　INNES *v.* THE STATE.

1. A general verdict of guilty upon an indictment containing several counts, charging kindred but distinct offenses under different sections of the code, can not be upheld, unless it appears, from the evidence, that the accused is guilty on all the counts in the indictment.

2. Where a person fraudulently converts to his own use property intrusted to him, he is indictable under the first clause of section 189 of the Penal Code of 1910. Where he otherwise than by a conversion to his own use disposes of the property intrusted to him, without the consent of the owner or bailor, to his injury, and without paying to the owner or bailor on demand the full market value or price thereof, he

is indictable under the second clause of that section. Section 192 of the Penal Code defines a distinct offense; and the offenses defined in sections 189 and 192 are kindred offenses, and may be charged in separate counts of the same indictment.

3. The venue of the alleged crime was established under the law, and the trial court had jurisdiction.

4. The exceptions to the admission of evidence and to the charge of the court are without merit.

5. The fourth count in the indictment, as properly construed by the trial court, is based upon the first clause of section 189 of the Penal Code. Under this clause it was not necessary to allege and prove a demand for payment. No demand having been shown, although alleged, and the court having construed the fourth count in this indictment to charge only the offense defined in the first clause of the section, the general verdict of guilty is not contrary to law. The motion for a new trial was properly denied.

DECIDED FEBRUARY 2, 1917.

Indictment for larceny after trust; from Fulton superior court —Judge B. H. Hill. July 29, 1916.

Victor E. Innes was tried and convicted on an indictment charging, in four separate counts, the offense of larceny after trust. The first count charged, in substance, that he and his wife were intrusted by Lois Nelms Dennis with $3,745.20, for the purpose of applying this sum of money for the use and benefit of the owner, and that, after being so intrusted, the defendants did unlawfully and fraudulently convert the money to their own use. The second count is but a repetition of the first, with the added allegation that the sum of money intrusted to the defendants was made up of several amounts and delivered over to them on separate dates. The third count charged that the defendants, after having been intrusted by the same bailor with the identical sum of money named in the first and second counts, for the purpose of investing it in certain lands and real estate in Montana and in Sonora county, in Mexico, in the name of the bailor, did wrongfully and fraudulently convert said money to their own use. The fourth count charges the same trust, for the same purpose, and by the same bailor, and concludes in this language: "did wrongfully and fraudulently dispose of said $3,745.20 otherwise than by applying it to the use and for the purpose for which it was intrusted by said bailor, without her consent and to her injury, and without said bailees, to wit, Victor E. Innes and Ida May Innes, having paid to said bailor the full value and market price thereof, and

without having paid to Mrs. Lillie L. Nelms, administratrix on the estate of said Lois Nelms Dennis, on demand made, the full value and market price thereof," etc. There was a general verdict of guilty, and, on the overruling of the defendant's motion for a new trial, exceptions were taken.

*John S. Candler, C. L. Pettigrew, James K. Hines,* for plaintiff in error. *Eb. T. Williams, solicitor-general, Hugh M. Dorsey, E. A. Stephens, R. R. Arnold,* contra.

George, J. (After stating the foregoing facts.) It is well settled that an indictment may in several counts charge a violation of one statute in different ways; in which event a general verdict of guilty is good, if the evidence sustains either count. On the other hand, an indictment may charge in different counts the commission of distinct offenses of similar nature; in which event a general verdict of guilty is not good, unless the evidence sustains each count. Undoubtedly section 192 of the Penal Code defines a distinct offense, and none of the class of cases contemplated by this section were intended to be embraced also in section 189. The latter section (§ 189) defines two separate and distinct offenses. The offenses defined in sections 189 and 192 are kindred offenses, according to our code, and may be properly charged in separate counts of the same indictment. The venue of the offense in the case at bar was properly shown to be in Fulton county, and the evidence warranted the verdict finding the defendant guilty as charged. *Walker* v. *State,* 117 *Ga.* 260 (43 S. E. 701) ; *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334) ; *Dunn* v. *State,* 82 *Ga.* 27 (8 S. E. 806, 3 L. R. A. 199) ; *Mangham* v. *State,* 11 *Ga. App.* 427 (75 S. E. 512) ; *Carter* v. *State,* 143 *Ga.* 632 (3), 639 (85 S. E. 884).

In the indictment in the case at bar the fourth count, as construed by the trial judge, was not based on the second clause of section 189 of the Penal Code; nor is it in its language necessarily based thereon. No demurrer was filed, and we are not concerned with the intention of the pleader in this case, for reasons hereinafter stated; nor do we wish to be understood as saying that the fourth count can not properly be considered as based upon the second clause of section 189. We think the pleader undoubtedly meant to charge in the fourth count a violation of the second clause of this section; and we are equally sure that this count

18

might have been so construed, at least in the absence of any demurrer. The charge in the fourth count is not inconsistent with the charges contained in the first, second, and third counts, to the effect that the defendant committed the offense of larceny after trust delegated by directly converting the money to his own use. The conversion charged in the fourth count is consistent with the charge of direct conversion by the defendant; and, although not inconsistent with some other wrongful and fraudulent application of the money intrusted to him, the trial court construed the indictment to charge one offense,—a direct conversion by the defendant to his own use; and the construction given the indictment by the judge, in the trial of the case and in his charge to the jury, is controlling upon the court, and fixes the law of the case until corrected as provided by law.

Let us examine section 189. This section provides for the punishment of any factor, commission merchant, etc., or any other bailee with whom any money or any other thing of value may be intrusted or deposited, who shall fraudulently convert the same or any part thereof to his own use, *or* otherwise dispose of the same or any part thereof without the consent of the owner or bailor, to his injury, and without paying the owner or bailor on demand the value or market price of same. The meaning of the section is to be found in the opinions of the Supreme Court of this State construing the same. In *Cody's* case, 100 *Ga.* 105, Justice Little said that this section "provides for two distinct offenses: (1) If any of the bailees named, with whom any money or other valuable thing shall be intrusted or deposited, shall fraudulently convert the same or any part thereof to his own use, the statute is broken. (2) If any of such bailees with whom the property shall be intrusted or deposited shall dispose of the same to the injury of the bailor (otherwise than to fraudulently convert it to his own use) without the consent of the bailor, and without paying to the owner or bailor, on demand, the full value or market price, he has committed an offense against which the statute provides." In order to sustain a conviction under the second clause of this section, it is necessary both to aver and prove a demand of the bailee and a refusal by him to pay. It is apparent that the statute is broken when the bailee converts the money to his own use or when he otherwise disposes of it. To dispose of it "otherwise" is by Jus-

tice Little declared to be·a disposition of it fraudulently made otherwise than by converting it to the bailee's own use.

Let us consider the fourth count of the indictment in this case, in connection with the code section referred to, as construed by the Supreme Court. The defendant, Innes, is charged with having received a certain sum of money, for a certain specific purpose, from the bailor, Lois Nelms Dennis, and it is charged that after having so received it he "did wrongfully and fraudulently dispose of said [money] otherwise than by applying it to the use and 'for the purpose for which it was intrusted by said bailor, without her consent," etc. On close examination it is apparent that this count does not charge that the bailee, Innes, did otherwise than by converting the money to his own use dispose of it. In order to bring this count under the second clause of section 189 this allegation is absolutely necessary. The charge in the indictment is that he did dispose of the money otherwise than by applying it to the use and for the purpose for which it was intrusted by the said bailor, Lois Nelms Dennis. He did not, according to this charge, dispose of the money otherwise than by applying it to his own use. The peculiar wording of the fourth count is perfectly consistent with the charge that Innes directly converted to his own use the money with which he was intrusted; and while it may not be inconsistent with a charge that he did otherwise than by converting it directly to his own use dispose of it, this count does not require that construction. Under this count the State might have proved that Innes directly converted the money to his own use; and this proof would not be at variance with the allegation that he did wrongfully and fraudulently dispose of the money "otherwise than by applying it to the use and for the purpose for which it was intrusted by said bailor, Lois Nelms Dennis." It is true, we think, that the State might have proved that Innes disposed of this money by investing it in bank stock, or by depositing it in a bank, contrary to the trust; but the State did not offer such proof, and the trial judge construed the indictment as a whole to charge the offense of larceny after trust delegated by converting it to the defendant's own use, and confined the State to proof of direct conversion by the defendant of the money intrusted to him. This, in our opinion, is the conclusion of the whole matter.

Let us examine the charge of the court: "Now this indictment

is in four counts. Each count charges 'the offense of larceny after trust. As a matter of fact, in the opinion of the court, there is very little substantial difference in the counts, and all the counts charge simply the crime of larceny after trust." Further on the court said: "Now this indictment charges in general terms that this defendant was intrusted by Mrs. Lois Nelms Dennis with a certain amount of money, thirty-four or thirty-five hundred dollars—the amount is not material—for a certain purpose, the purpose stated in the indictment, and that the money was to be applied by Innes to the use and benefit of Mrs. Dennis, who was the owner of the property—the money—and the party who intrusted it to him. And the indictment further charges that, after having been so intrusted with this money for the purpose aforesaid, he converted it to his own use fraudulently,—that is, he appropriated it to his own use with intent to steal it." Further on in the charge the judge used the following language: "While the indictment sets forth the offense in different counts, it merely charges substantially one offense against this defendant and the other defendant. And if you believe beyond a reasonable doubt, from this evidence, that all the counts are violated, not only the general count but the specific count (one of the counts 'being specific, giving the amounts and dates her money is alleged to have been obtained, and the fourth count alleging demand and refusal to pay), you could find a general verdict of guilty. I charge you that demand in this case is unnecessary. under the law and evidence applicable thereto." Looking to the whole charge, nowhere is the jury informed that the defendant could be convicted upon proof of any disposition other than a direct conversion by him to his own use of the money intrusted to him. It is true that the judge did not expressly take away from the jury the fourth count in the indictment, but he construed the fourth count in the indictment to fall under the first clause of section 189; and if his construction was permissible (and of that the writer has no moral doubt), then the added allegations of demand and refusal to pay were by the court properly treated as mere surplusage, as was done in *Keys'* case, 112 *Ga.* 392 (1), 394 (37 S. E. 762, 81 Am. St. R. 63).

The general verdict of guilty on an indictment containing more than one count is good where the effect of the ruling of the trial

judge is to limit the jury to a consideration of certain counts supported by the evidence. Let us examine one case. In *Waver* v. *State*, 108 *Ga.* 775 (33 S. E. 423), it was said: "When on the trial of an indictment containing three counts the court instructed the jury in these words: 'You will not allow the charges in the first and second counts of that indictment to disturb your deliberations; with those two counts you have no concern; you will look to the third count in the bill, and, applying the law as already given you in charge to the facts, make your verdict,' and there was a general verdict of guilty, such verdict was properly treated as having been based on the third count in the indictment." It is true that in the case at bar the trial judge did not expressly eliminate the fourth count, nor was it necessary for him to eliminate the same. This charge, that Innes disposed of the money intrusted to him by Lois Nelms Dennis by applying it otherwise than to the purposes intended by her, and for which she intrusted it to him, is clearly susceptible of the construction placed upon it by the trial court, to wit, that Innes converted the money to his own use, with intent to steal the same. Indeed, the trial court should have so construed this indictment, because it would have been manifestly unfair to the accused to allow the State to prove a conversion other than a direct use of the money by the defendant himself, under the indefinite, redundant statement in the indictment. When, therefore, the court instructed the jury that "demand in this case is unnecessary, under the law and evidence applicable thereto," he as effectively took away from the jury any right to consider a conversion of the money, or of any part thereof, intrusted to Innes by the bailor, Lois Nelms Dennis, by applying it to any other than his own use, as if he had expressly stated to the jury that they should not consider any other charge against the defendant than that of direct conversion of the bailor's money by him to his own use, with the intent to steal the same. Indeed, the court did expressly instruct the jury that they would be authorized to convict the defendant only in the event they believed from the evidence, beyond a reasonable doubt, that he did convert the money intrusted to him to his own use. It is to be noted that the judge, in his construction of the indictment, treated the case against Innes as based upon the first clause of section 189, a construction not only permissible, but entirely

consistent with the rights of the defendant; and in his sentence he treated the indictment as charging one offense, and imposed only the penalty provided under the first clause of section 189.

There is no necessity for a retrial of this case. The facts in the record abundantly support the verdict, and both the language in the fourth count of this indictment and the construction placed thereon by the trial court, which must be taken as the law of this case so far as the State is concerned, placed the case under the first clause of section 189 of the Penal Code.

*Judgment affirmed. Wade, C. J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. I can not agree to the judgment of affirmance in this case. It is admitted in the majority opinion that the defendant is not charged with the same offense in different ways under one section of the Penal Code, but is charged with kindred crimes under different sections of the Penal Code, to wit, § 189 and § 192. There are four counts in the indictment. The fourth count charges as follows: "for that the said Victor E. Innes and Ida May Innes, in the county aforesaid, on the 29th day of May, . . 1914, with force and arms, having been then and there intrusted by Lois Nelms Dennis with the sum of three thousand seven hundred forty-five and 20/100 dollars in money, of the value of three thousand seven hundred forty-five and 20/100 dollars, and the property of said Lois Nelms Dennis, for the purpose of investing said sum of money in lands and real estate in Montana and within a radius of forty-six miles of Lewiston in Montana, and in certain lands and real estate in Sonora county in Mexico, and after having been so intrusted by said bailor, Lois Nelms Dennis, for the purposes herein set forth, did wrongfully and fraudulently dispose of said three thousand seven hundred forty-five and 20/100 dollars otherwise than by applying it to the use and for the purposes for which it was intended by said bailor, without her consent and to her injury, and without said bailees, to wit, Victor E. Innes and Ida May Innes, having paid to said bailor the full value and market price thereof, and without having paid to Mrs. Lillie L. Nelms, administratrix on the estate of said Lois Nelms Dennis, on demand made, the full value and market price thereof, contrary to the laws of said State, the good order, peace, and dignity thereof."

The trial court construed the fourth count to be under the

first clause of section 189 of the Penal Code, and the majority of this court hold that "the construction given the indictment by the judge, in the trial of the case and in his charge to the jury, is controlling upon the court, and fixes the law of the case until corrected as provided by law." I can not assent to this proposition. If the trial court erroneously construed this count in the indictment, this court is not bound by it. The writer grants that the trial court could have eliminated the count by expressly doing so in the charge to the jury, but, the defendant having been put in jeopardy upon this indictment, he was entitled to a verdict of not guilty upon any count that the State failed to make good by proof. Different counts in an indictment under kindred statutes stand as if they were two indictments; and the right to impose sentence, where the verdict is general in such a case, is the right to sentence as for two separate and distinct offenses. Can there be any doubt that the fourth count was drawn under the second clause of section 189 of the Penal Code? To read that section of the code and read the indictment is to answer the question. Does section 189 make two kinds of acts criminal? If so, the State failed to show the one alleged in the fourth count. Is the defendant entitled to a verdict of not guilty on that count, or shall a verdict of guilty under that count stand, simply because the trial court construed the fourth count to have been drawn under the first clause of section 189? In McCoy v. State, 15 Ga. 205, 208, Judge Benning, for the court, in construing the language of this section, said: "These words make two kinds of acts criminal—First, that in which the party fraudulently converts the article to his own use. Second, that in which he otherwise disposes of the article, but to the injury of the owner, and without his consent, and without paying him the full value or market price of the article.. In the first kind, the crime is complete as soon as the party fraudulently converts the article to his own use. Nothing more need happen. It is not necessary that he should also fail to pay the owner full value or market price of the article. In the second class, in which the article is disposed of otherwise than to the use of the party himself, the crime is not made complete by the mere disposing of the article. To make it complete, three other things must also exist—an injury to the owner, the non-consent of the owner, a failure to pay the owner the full value or market price of the thing disposed of."

In the case of *Alderman* v. *State*, 57 *Ga.* 367, it was held that "An indictment for larceny after trust, under section 4422 [now § 189] or section 4424 [now § 192] of the Code, which charged that defendant did fraudulently convert the goods intrusted to him to his own use, need not charge that the same was done without the consent of the owner or bailor, and to his injury, and without paying him on demand the full value thereof; these clauses of the sections, or either of them, apply to other disposition of the goods than to the bailee's fraudulent conversion to his own use, and need only be charged and proven in such cases." Justice Hall, in *Soule* v. *State*, 71 *Ga.* 267, 270, said: "In the case of *McCoy* v. *State*, 15 *Ga.* 205, 208, which seems to have been well considered, Benning, J., speaking of this statute, and applying it to the case then before the court, and which in its main features is much like the present, said: 'These words make two kinds of acts criminal: First, that in which the party fraudulently converts the article to his own use. Second, that in which he otherwise disposes of the article, but to the injury of the owner and without his consent, and without paying him the full value or market price of the article. In the first kind, the crime is complete as soon as the party fraudulently converts the article to his own use. Nothing more need happen. It is not necessary that he should also refuse to pay the owner the full value or market price of the article. In the second class, . . to make the crime complete, three other things must also exist—an injury to the owner, the non-consent of the owner, a failure to pay the owner the full value or market price of the thing disposed of,' and, as we think, upon demand for the same." The indictment in the case of *Cody* v. *State*, 100 *Ga.* 105 (28 S. E. 106), charged as follows: "For that the said Pearce Cody, on the 21st day of September, in the year 1896, in the county aforesaid, did then and there unlawfully, after having been intrusted by Bob Cherry, the owner thereof, with ninety dollars in paper money of the value of ninety dollars, and two dollars in silver money, of the value of two dollars, for the purpose of holding and keeping said money for said Bob Cherry, he, the said Pearce Cody, did fraudulently convert the said money to his own use and did otherwise dispose of said money without the consent of said Bob Cherry, the owner thereof, and to the injury of him the said Bob Cherry, and without paying the said Bob Cherry the said

money or the full market value thereof, on demand, which demand was made." To this indictment ·the defendant, Cody, demurred, and the Supreme Court, in passing upon the question raised, said: ·"The first ground of demurrer raises the question, whether one who is charged with having been intrusted with money by the owner to hold and keep for him, and who fraudulently converts the same to his own use, is guilty of any violation of the laws of the State. It is true that the bill goes further and charges that the bailee did otherwise dispose of the money without the consent of the bailor·and to his injury and without paying to the bailor on demand said money, or its full market value; but we regard the latter part of the charge as surplusage and as adding no strength to the preceding charge contained in the bill of indictment. Section 191 of the Penal Code ` . . [now section 189] provides for the punishment of any factor, commission merchant, warehouse-keeper, wharfinger, wagoner, stage-driver, or common carrier on land or water, or any other bailee with whom any· money or any other thing of value may be intrusted or deposited, who shall fraudulently convert the same or any part thereof to his own use, or shall otherwise dispose of the same or any part thereof without the consent of the owner or bailor, to his injury, and without pay-· ing the owner or bailor, on demand, the value or market price of the same. It is manifest from a careful reading of the section above referred to that it provides for two distinct offenses: (1) If any of the bailees named, with whom any money or any other valuable thing· shall be intrusted or deposited, shall fraudulently convert the same or any part thereof to his own use, the statute is broken. (2) If any of such bailees with whom the property shall be intrusted or deposited shall dispose of the same to the injury of the bailor (otherwise than to fraudulently convert it to his own use) without the consent of the bailor, and without paying to the owner or bailor, on demand, the full value or market price, he has committed an offense against which ` the statute provides. Each of these acts is made a distinct offense, punishable as provided in the section. *McCoy* v. *State,* 15 *Ga.* 205; *Soule* v. *State,* 71 *Ga.* 270."

While the learned trial judge was a member of this court, the court, in the case of *Raiden* v. *State,* 1 *Ga. App.* 532 (57 S. E. 989), said: "The Penal Code, § 191 [now § 189], makes two

kinds of acts criminal: (1) that in which the party fraudulently converts to his own use the money or article intrusted; (2) that in which he otherwise disposes of the same without the consent of the owner or bailor, and to his injury, and without paying to such owner or bailor on demand the full value or market price thereof. In the first kind the crime is complete as soon as the party fraudulently converts the article to his own use. *McCoy* v. *State,* 15 *Ga.* 211. In the second kind the crime is complete (the other elements being present) when demand is made and the full market value or price is not thereupon paid. Venue for the criminal prosecution lies only in the county where the crime becomes completed in one of the methods above stated."

I do not think that *Sanders* v. *State,* 86 *Ga.* 717 (12 S. E. 1058), or *Keys* v. *State,* 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63), is authority to the contrary. In the *Sanders* case the indictment charged the defendant with fraudulently converting to his own use certain property or otherwise disposing of the same. The indictment in that case was bad because he was not charged positively with any offense. In the *Keys* case the indictment was framed under section 192 (then section 194), and charged the defendant with having been intrusted with money for the use and benefit of a named person, and with fraudulently having converted the same to his own use to the injury of and without the consent of the bailor. The court held that the allegation, "without the consent of the owner," was surplusage. There is only one count in the *Sanders* case, and only one count in the *Cody* case, and only one count in the *Keys* case. Fraudulent conversion was alleged in each of these cases. Now, in the Innes case we find not one count, but four counts, based on kindred statutes. We find in effect four separate indictments. The crime charged in one of the counts, or one of the indictments, admittedly is not proved, yet a verdict of guilty is allowed to stand, upon the ground that the fourth count in this indictment is mere surplusage. It is my opinion that the charge of the trial court, that "demand in this case is unnecessary under the law and evidence applicable thereto," not only did not serve to eliminate the fourth count in this indictment, but was erroneous for three reasons: (1) Because, before a conviction could be had on the fourth count, proof of demand was necessary. (2) Because, under the majority opinion in this case, it would

amount to an expression of an opinion that fraudulent conversion had been shown; especially as the court had just charged the jury that they could convict on either or all the counts in the indictment. (3) Because the court had already charged the jury, "If you find this defendant guilty on either one of these counts, you would express in your verdict the count upon which you find a verdict of guilty. For instance, if you find him guilty on the first count, say, 'We, the jury, find the defendant guilty on the first count;' and so with the other counts, if you should find him guilty on any one of the other counts, and not guilty on others. But I charge you that while the indictment sets forth the offense in different counts, it merely charges substantially one offense against this defendant and the other defendant. And if you believe beyond a reasonable doubt, from this evidence, that all the counts were violated, not only the general count but the specific count (one of the counts being specific, giving the amounts and dates when the money is alleged to have been obtained, and the fourth count alleging demand and refual to pay), you could find a general verdict of guilty." An instruction that a verdict of guilty could be found on the fourth count without proof of demand, under the facts of this particular case, in effect said to the jury: Fraudulent conversion to the defendant's own use has been proved; therefore demand is unnecessary. Did the charge of the court eliminate the fourth count? I can not agree that it did.

2. There are other exceptions to the charge of the court which are not without merit.

3. In the opinion of the writer the bailment as alleged in the four counts of the indictment is not proved; neither is the fraudulent conversion shown as alleged; and neither is the venue proved.

In my judgment the general verdict of guilty under the evidence is not authorized. Judex damnatur cum nocens absolvitur; but the guilty must be convicted according to law.