CROFTON *vs.* THE STATE OF GEORGIA.

1. There is no error in the charges excepted to, nor in the refusal to charge the request of counsel for the defendant.
2. An indictment charged that the defendant, being entrusted by one Allen with ninety-five cents in money, consisting of silver and nickels, of the value of ninety-five cents, and the property of Allen, for the purpose of making change and returning said money to said Allen, did, after having been entrusted with said money for the purpose aforesaid, wrongfully and fraudulently convert forty-five cents of said money to his own use :

*Held* that, while the indictment was loosely drawn, its meaning is, that the defendant was entrusted with the money to make change, but failed to do so, and instead thereof converted a portion of the money entrusted to him, without even attempting to execute the trust; and such a trust included, by implication, an undertaking to return the same money if not used in making change. There-fore, where the proof showed that it was part of the original money which was converted by the defendant, and not a part of the change which he was to get, there was no fatal variance between the *allegata* and *probata.*

October 11, 1887.

Criminal Law. Indictment. Variance. *Allegata* and *Probata.* Before Judge RICHARD H. CLARK. Fulton Superior Court. March Term, 1887.

On the trial of this case, the evidence of the only witness introduced (the prosecutor, a boy of nine years,) was substantially as follows: He was selling newspapers on a street. The defendant approached him; said the man he staid with wanted a paper, and invited the witness to go with him. The witness followed; they turned into an alley, and defendant climbed over a fence, and told the boy to hand him a paper and ninety-five cents, and he would go and bring back a dollar. The boy complied, giving the ninety-five cents in silver dimes and nickel five-cent pieces. Defendant went to a door, handed up the paper, as if to some one inside, and then ran out a gate pursued by the boy, who was subsequently joined by his brother. They overtook the defendant, and the prosecutor

snatched from his hand fifty cents of the change, but failed to recover the balance. They then procured a policeman to arrest the defendant.

Defendant's counsel moved for a verdict in his favor, on the ground that, if the evidence showed any crime, it was larceny from the person, and not larceny after trust. The motion was denied.

The grounds of the motion for a new trial were:

(1)–(3) Because the verdict was contrary to law and evidence.

(4) Because the court erred, after reading the section of the code under which this prosecution was instituted, in charging the jury that if they believed, beyond a reasonable doubt, that the defendant was entrusted with money for the purpose of making change—for the purpose of having it returned in money of any denomination,— and he converted it, or any portion of it, to his own use, he would be guilty of violating the statute of larceny after trust.

(5) Because the court charged as follows: · "Suppose one man has a hundred dollars in small bills; another says, ' Don't you want that money changed into bigger money ?' ' Yes.' ' Well, what sort of bills would you like to have for it ?' ' Well, I would like to have five-dollar bills,' or, ' I would like to have ten-dollar bills.' ' Well,' he says, ' if you will let me have the small bills, those of the denomination of five dollars, I will get you the whole of it in five dollars,' or ten dollars, as the case may be ; and he takes the small bills and never comes back—immediately converts it to his own use. Well, hasn't he, in such case, been intrusted with it for that purpose and to return it to the owner ? And although the man who takes it and commits fraud upon the other may have had it in his mind at the time to steal it and to cheat him out of it, yet, so far as the other man is concerned, he has acted honestly and has entrusted him with it. Suppose a man has a thousand dollars that he wants to invest; has it in five and ten dollars,

common miscellaneous denominations up to a thousand dollars; another man says to him, ' Would you not like to have a State of Georgia bond of a certain sort ?' or, 'would you not like to have a United States bond ?' or a city of Atlanta bond—some bond which he thinks he would like to have; then he says, ' If you will let me have that money, I will invest it in that sort of bond,' and immediately leaves and is never heard of any more—in fact, converts that money to his own use; it seems to me that that would make a clear case of larceny; such a case as that would be a clear case of larceny after trust, under this section; and if that would be larceny after trust under this section, a smaller amount would be the same thing. As, for instance, if a boy has a dollar in change, a dollar and a newspaper worth five cents; if he should say, ' If you will let me have that change, I will bring you back the dollar'; well, he entrusts him and gives it to him for the purpose of getting the whole dollar, and he does not bring it back, or fails to bring it back, or only a part of it is recovered;—to the extent he does not return it, he would be guilty of larceny after trust."

(6) Because the court refused to charge as follows: " If you believe that, at the time defendant asked witness to let him have the money to make change and sell a paper for him, he (the defendant) did this for the purpose of getting the money and stealing it, then defendant could not be convicted of larceny after trust, and you could not, according to law, find him guilty."

WIMBISH & WALKER, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

SIMMONS, Justice.

William Crofton was indicted for the offence of larceny after trust. Upon the trial of the case, the jury returned a verdict of guilty. Defendant moved for a new trial

upon the several grounds contained in the motion. The presiding judge overruled the motion upon all the grounds, and the defendant excepted, and assigns as error the order of the judge overruling said motion.

1. We see no error in those parts of the charge excepted to, nor to the refusal to give in charge the written request. of the counsel for the defendant.

2. The only question in the case that has troubled us is, the first and second grounds, viz. that the verdict is contrary to the law and the evidence; that it is without evidence to support it. This arises from the ambiguity of the allegations in the indictment. The indictment charges that the defendant, being entrusted by Allen with ninety-five cents in money, consisting of silver and nickels, of the value of ninety-five cents, and the property of Allen, for the purpose of making change and returning said money to the said Allen, did, after having been entrusted with said money for the purpose aforesaid, wrongfully and fraudulently convert forty-five cents of said money to his own use, to the injury, etc. It is contended by the counsel for the plaintiff in error that the evidence in the case does not sustain the allegation, but makes an entirely different state of facts from those set out therein. He contends that the indictment charges that the ninety-five cents was entrusted for the purpose of making change and returning the change when made, whereas, he contends, the proof shows that the money converted was not the change to be obtained by the defendant and returned to Allen, but only a portion of the ninety-five cents entrusted to him to make change, and that there is, therefore, such a variance between the proof and the allegations as makes it fatal.

Whilst the indictment is rather loosely drawn in regard to the trust to be executed, we think it is sufficient, and that there is no such variance between it and the proof as to render a conviction under it void. The meaning of the charge in the indictment is, that the defendant was en-

trusted with the money to make change, but that he failed
to do so, and instead of doing the act he was entrusted to
do, he converted a portion of the money entrusted to him
with which to make the change, without even attempting
to execute the trust. Such a trust would necessarily in-
clude, by implication, an undertaking to return the same
money if not used in making change, and that implied un-
dertaking would be a part of the trust. This is evidently
the meaning of the charge in the indictment, and we think
the evidence sustains it.

Judgment affirmed.