## WALKER *v.* THE STATE.

1. Where one entrusted with money by another fraudulently converts it to his own use, he is guilty of larceny after trust, though he may have fraudulently induced the delegation of the trust with intent to so convert the money.
2. The evidence warranted the verdict, and the refusal of a new trial was proper.

Argued February 16, — Decided March 12, 1903.

Indictment for larceny after trust. Before Judge Roan. Fulton ·superior court. December 20, 1902.

*F. R. Walker* and *R. J. Jordan,* for plaintiff in error

*C. D. Hill, solicitor-general,* contra.

FISH, J.  Sam Walker was convicted of larceny after trust del-
egated.   He made a motion for a new trial, upon various grounds,
which being overruled, he excepted.   The indictment charged that
a firm of which the prosecutor was a member entrusted the accused
with twenty-five dollars belonging to such firm, for the purpose of
paying the railroad-fare of three designated persons from Birming-
ham, Ala., to Atlanta, Ga. ; and that he, after having been entrusted
with such money for this purpose, fraudulently converted the same
to his own use.   The evidence submitted upon the trial fully sus-
tained the charges made in the indictment.   Counsel for the plain-
tiff in error contend that it appeared from the evidence that the
prosecutor's firm was fraudulently induced by the accused to en-
trust him with the twenty-five dollars, his intention at the time
being to convert the money, after being entrusted with it, to his
own use.   For this reason they say that he was not guilty of lar-
ceny after trust delegated, and, to sustain their contention, cite
*Wylie* v. *State*, 97 *Ga.* 207.   That case is no authority for the con-
tention made.   There it appeared that the accused "contracted
with the prosecutrix to build for her a house within a stipulated
time and at a stated price which she paid to him in advance, and
that he really never intended to build the house at all, but fraud-
ulently pretended he would do so, for the purpose of obtaining the
money and applying it to his own uses."   The court held that
while such facts showed great moral turpitude on the part of the
accused, they did not render him guilty of larceny after trust.   The
evident reason for the ruling made in that case was that there was
no trust delegated to the accused, as the money was paid to him,
in advance, under his contract with the prosecutrix, as a consider-
ation for his building a house for her.   The prosecutrix did not
entrust the accused with the money, but she paid it to him, in ad-
vance, for a consideration which he was to perform, intending it to
be his money, and the fact that he really never intended to build
the house, but fraudulently pretended that he would do so, for the
purpose of obtaining the money and applying it to his own uses,
did not, of course, make him guilty of larceny after trust ; and this
is the extent of the court's ruling.   Here the accused was en-
trusted with money for a specific purpose, and the fact that he, by
fraudulent representations made to the members of the firm en-
trusting him with it, may have induced the trust can make no

difference. Though he may have lied in order to get the firm to entrust him with the money, still if he was, as the evidence shows, entrusted with it, and then converted it to his own use, he was guilty of the charge made in the indictment.

*Judgment affirmed.   By five Justices.*