16525.  GLASGOW *et al. v.* THE STATE.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial will not be considered by the reviewing court where the ground is not complete and understandable within itself. This ruling disposes of grounds 1 to 6, inclusive, of the amendment to the motion for a new trial.

2. The charge of the court upon the law of conspiracy was not error for any reason assigned.

(a) Upon the trial of two or more persons, indicted for a crime, where the evidence authorizes a charge upon the law of conspiracy, such a charge is not error merely because the indictment did not allege a conspiracy between them to commit the crime. *Bradley* v. *State,* 128 *Ga.* 20 (4) (57 S. E. 237).

(b) In the instant case the evidence authorized the charge. A conspiracy may be shown by circumstantial evidence. *Carter* v. *State,* 141 *Ga.* 308 (1) (80 S. E. 995).

3. Under the facts of the case the failure of the court to charge upon the law of simple larceny was not error.

4. There was evidence connecting all three of the defendants with the crime charged.

5. "Where one entrusted with money by another fraudulently converts it to his own use, he is guilty of larceny after trust, though he may have fraudulently induced the delegation of the trust with intent to so convert the money." *Walker* v. *State,* 117 *Ga.* 260 (1) (43 S. E. 701); *Martin* v. *State,* 123 *Ga.* 478 (51 S. E. 334); *Crofton* v. *State,* 79 *Ga.* 584 (4 S. E. 333). Under this ruling and the facts of the instant case, the verdict for larceny after trust was authorized.

6. The overruling of the motion for a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1925.

Indictment for larceny after trust; from Fulton superior court —Judge Howard. April 6, 1925.

*Ernest G. Bentley, C. P. Bentley,* for plaintiffs in error.

*John A. Boykin, solicitor-general, E. A. Stephens, Ralph H. Pharr, John H. Hudson,* contra.