## 34211. DYER *v.* THE STATE.

DECIDED SEPTEMBER 26, 1952.

*Sidney T. Schall, James T. Mahan,* for plaintiff in error.
*James T. Manning, Solicitor-General,* contra.

GARDNER, P.J. ■ Ground 4 (Special Ground 1) of the motion for a new trial assigns error on the order of the trial court denying and overruling the defendant's motion for a change of venue. In his brief in this court, defendant's counsel states that he "cannot urge this ground", and we will, accordingly, treat the same as abandoned by the defendant.

■ Ground 5 (Special Ground 2) assigns error on the ruling of the court denying a motion to quash the indictment, based on the ground that the indictment, as drawn, was not sufficient under the law to authorize the conviction of the defendant for larceny after trust under Code § 26-2806, which provides

that any bailee, "with whom any money . . may be intrusted or deposited, who shall fraudulently convert the same, or any part thereof, without the consent of the owner or bailor, and to his injury, and without paying to such owner or bailor, on demand, the full value . . thereof, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than seven years." The indictment charges that the defendant, on April 27, 1949, "did unlawfully, then and there being engaged in the business of a private banker, not incorporated, and as such bailee, being entrusted by Mrs. D. P. Poole with $1000 . . the property of Mrs. D. P. Poole, and of the value of $1000, fraudulently converted said property to his own use by disposing of the same, without the consent of the owner, and to her injury, and without paying to her, on demand, the full value thereof," and in count two that such defendant "did unlawfully and fraudulently convert the same to his own use." This motion was not well taken and there is no merit in this ground of the motion for a new trial. In order to properly charge the defendant under this Code section it was necessary only to allege that the bailee converted the money fraudulently to his own use, and no other disposition of the money need have been set forth therein. See *Cody* v. *State*, 100 *Ga.* 105 (28 S. E. 106). There are two kinds of acts made criminal by this Code provision, namely (1) conversion by one to his own use of money entrusted; and (2) disposition of the same without the consent and to the injury of the owner or bailor and without paying to the owner or bailor on demand the value thereof. See *Raiden* v. *State*, 1 *Ga. App.* 532 (57 S. E. 989).

■ Grounds 6, 7, 8 and 9 (Special Grounds 3, 4, 5 and 6) deal with the court's overruling of certain special demurrers of the defendant to the indictment. The demurrers were not well taken as to this indictment, and no error appears from any of these grounds.

The indictment was not subject to the special demurrer interposed, as complained of in Ground 6 (Special Ground 3) of the motion for a new trial, because it failed to charge delivery of the property to the defendant or because it failed to set forth the purpose of the bailment.

The special demurrer, the overruling of which is assigned as error in Ground 7 (Special Ground 4) directed to both counts of the indictment in the use of the word "deposits" in that it was not shown therein whether the deposits were general or special, is obviously not well taken. There is no use of the word "deposits" in either of these counts of the indictment.

As to the demurrer dealt with by the defendant in Ground 8, (Special Ground 5), that said indictment was defective "unless the deposits are set up with particularity as to time, date and place when made this defendant cannot defend against any specific charges, nor is he on notice as to what deposits are alleged," no such word is used in the indictment. The indictment charges that the defendant was entrusted with money of the bailor, Mrs. D. P. Poole, and that he fraudulently converted same to his own use and failed to pay her, on demand, the value thereof. This ground is without merit.

In Ground 9 (Special Ground 6) the defendant assigns error on the overruling by the court of the special demurrer to both counts of said indictment to the effect that it does not set forth with particularity the nature and purpose of the bailments alleged therein, and the defendant says that until the nature and purpose of each bailment is alleged he cannot defend because he is not on notice as to what particular bailment is referred to. The indictment under which the present case arose dealt with one bailment only, namely the entrusting of the money of Mrs. D. P. Poole to the defendant and its fraudulent conversion by him to his own use. There is no merit in this ground.

■ In Ground 10 (Special Ground 7) of the motion for a new trial error is assigned upon the court's failure to allow the defendant to challenge the competency of jurors who were related within the prohibited degree to stockholders and depositors in the Commercial Bank of Jasper. There could be no stockholders in a private bank operated by the defendant individually. The defendant says that his right to challenge jurors was thus wrongfully curtailed and that he agreed that his objections in the record once stated would apply to all jurors. The defendant says that the court thereby made it impossible for him to secure a free, unfettered and impartial jury to try his case. The

defendant urges that when a private banker, the proprietor of an insolvent bank, is accused of larceny after trust, the depositors in his bank and persons related to them within the prohibited degrees are not competent as jurors to try him. It does not appear from this ground that the failure of the court to permit the defendant to challenge the jurors made it impossible for him to obtain a fair jury or that any harm resulted to him or that any juror was related to a depositor and disqualified. It does not appear from this ground that there was any attempt to comply with the provisions of Code (Ann. Supp.) § 59-705 (Ga. L. 1951, pp. 214, 215). This ground fails to disclose the grounds of any challenge to the panel or to any individual juror. There is not enough set out to show any error or that any harm resulted to the defendant from any ruling of the court in this regard.

In Ground 11 (Special Ground 8) error is assigned by the defendant on the refusal of the court to admit the following testimony: Question to the witness, Will Poole, the son of Mrs. D. P. Poole and the person actually placing the money in the defendant's hands and dealing with him relative thereto, "Do you remember any other occasion when there was less than that [Amount of money]?" (Defendant had originally been handed by witness $1533.07 in cash belonging to Mrs. D. P. Poole for the purpose of safekeeping only).

A. "My sister came there and got $500 out of it, I recall that."

Q. "Do you know of any occasion when Mr. Dyer handled that money in the regular business of his bank?"

A. "Well, I don't know. I told him to, one day he came there and I told him he could use it in the regular course of his business."

Q. "Then it was in the regular course and with your consent?"

A. "Yes, sir."

The solicitor objected to the above as a conclusion, and the court sustained his objection. The defendant states that the court erred in excluding this testimony and that if such testimony had been admitted he would have been able to show that the money alleged to have been fraudulently converted was used in the regular course of business in said private bank, with

the full knowledge and consent of the witness, the alleged agent of the prosecutrix, his mother. The witness had previously stated that he had told the defendant, when the defendant so asked him, that it was all right for the defendant to use this cash, which had been entrusted to him by the witness for safe-keeping, for the sole purpose of making change. The defendant claimed that he had the permission of the witness to withdraw and use the money. It appeared from the evidence that the witness had given to the defendant $1533.07 in cash for him to safely keep for his mother, Mrs. R. P. Poole, and that the witness's sister, Mrs. Wheeler, had withdrawn $500 from this money, leaving $1033.07 with the defendant. The money had been placed in an envelope by the defendant and he had placed Mrs. Poole's name and the amount of the money on the outside of the envelope. When the defendant's bank failed, the receivers found this envelope as marked, and with the notation that there was $1033.07 yet therein. However, only $33.07 was discovered in the envelope. The evidence is undisputed that the witness, Will Poole, acted for his mother in the handling of her money. It, therefore, became of prime importance whether or not the defendant had the right to take this money from the envelope and use it.

If he only had permission from the witness to use the money for change and he had taken the money and not so used it but converted it to his own use, he was guilty of larceny after trust under Code § 26-2806. *Crofton* v. *State*, 79 *Ga.* 584 (4 S. E. 333). If he had been allowed by the witness to take the money and use it in his banking business, as if it were an ordinary deposit, then the title to the cash did not remain in the owner and bailor and the defendant would not have been guilty of larceny after trust under Code § 26-2806. This testimony should have been submitted to the jury. The fact that the witness had previously testified to the contrary does not alter this. It was a question for the jury to determine. If they believed the above, an acquittal of the defendant would have been authorized. The solicitor in replying to this ground of the motion for a new trial says: "The record shows the question propounded was evidently not fully taken down by the reporter, as there are symbols to show he missed getting all the question.

. . Furthermore, it is contended the objection was good as made. At several prior places in the record it is shown that the witness had answered this question, usually being answered substantially as follows: 'I told him he could use it to make change in his regular course of business.' Nevertheless, from reading the whole record, this witness was in fact asked, and he only agreed, at all times, for the particular species of money to be used by the accused to make change in his regular course of business. A right to change species type of property possessed, but does not lessen the amount, or title to the property bailed." This court can only go by the record as presented. Furthermore, the fact that the witness had, on a prior occasion or occasions testified that he only authorized the defendant to use the money to make change in his banking business does not authorize this court to place such a construction on his clear and unequivocal testimony in answer to the question propounded as set out in this ground. The trial judge approved the recitals of fact in the motion for a new trial, including this ground. It is our opinion that the trial judge should have admitted the testimony set out in this ground for consideration by the jury and that his refusal so to do by sustaining the objection thereto of the State's counsel was harmful and prejudicial to the defendant. Consequently, this error on the part of the trial judge requires the grant of a new trial to the defendant.

■ The court did not err, as complained of in Ground 12, (Special ground 9) of the motion for a new trial, in permitting the son of the prosecuting witness, Mrs. R. P. Poole, to testify that the money which he entrusted to the defendant, was handed to him by his sister, and that she informed him that it was the money of their mother. The evidence was that Will Poole handled his mother's money affairs. This evidence was not improperly admitted on the ground that it was hearsay.

■ In Ground 13 (Special Ground 10) the defendant assigns error on the admission in evidence of the following testimony by S. C. McClain, who examined the books and affairs at the private bank of the defendant, when it closed, to wit: "And there was an envelope in there marked Mrs. D. P. Poole, what I recall in connection with Mrs. Effie Wheeler, that showed $1533.07 on it, and that $500 had subsequently been taken out

of it, leaving $1033.07; on May 16, I believe was the day we began this examination, and Will Poole, the son of Mrs. D. P. Poole came in the bank and said he wanted his mother's safety deposit. It was handed to him and he counted it, and there was only $33.07 in the envelope. His check was verified, his count, and there was only $33.07 in the envelope. However, there should have been $1033.07." This did not, under the facts of this case, constitute an opinion by this witness that there should have been $1033.07 in the envelope. The evidence in the case was to the effect that the envelope was marked as containing originally $1533.07 in money of Mrs. D. P. Poole and showed that $500 had been taken from the envelope. Obviously, this left $1033.07 as the sum left in the envelope and when it was opened there was $33.07 therein. This testimony was not inadmissible for any of the reasons assigned.

■ The defendant assigns error in Ground 14 (Special Ground 11) on the following excerpt from the court's charge: "Now the Code section says—without paying to such owner or bailor on demand—something to that effect, on demand. I charge you in that connection whether or not the language by Mr. Poole amounted to a demand, it would not necessarily have been in the language, of say, I demand the money, but if the language used by him at the time or times in question, if they discussed it more than one time, had the effect of making a demand, had that effect, that is without the use of the word demand, that is all a question for the jury to pass on." The defendant says this charge was erroneous and prejudicial to him in that same when referring to the witness, Poole, by name evaluates and weighs the evidence adduced, and is not a legal instruction, being comments on the nature, weight and extent of the evidence. This charge was not error for any of the reasons assigned. It did not constitute by the court an invasion of the jury's province.

■ The court did not err, as complained of in Ground 15 (Special Ground 12) in failing to charge as to the nature and essentials of a bailment. There was no request for such charge. The court charged fully on the law of Code § 26-2806 under which the defendant was indicted and tried.

■ Ground 16 (Special Ground 13) is merely an amplification of the general grounds and need not be dealt with.

■ There is no merit in Ground 17 (Special Ground 14) wherein the defendant says the court erred in allowing him to be tried under Code § 26-2806 in that the same has no application to a banker accepting deposits in the regular course of business. The defendant was tried for fraudulently converting money to his own use, same being the property of another. This is not a question of a banker being indicted relative to misapplying a deposit made with him as a banker. The money was given to the defendant by the son of the owner for safekeeping. The question is whether he had permission to take the money out of the envelope and use it in his business, and thereby the title to the money, which was in the owner, was divested with her consent and the bailment terminated.

■ Grounds 18, 19 and 20 (Special Grounds 15, 16, and 17) complain that the conviction of the defendant was illegal under the evidence, and are, therefore, but an amplification of the general grounds.

■ As we grant a new trial in this case because of the error by the court in not admitting the testimony of the witness, Will Poole, complained of in Ground 11 (Special Ground 8), it is not necessary to pass upon the questions raised in the general grounds as to the sufficiency of the evidence to authorize the defendant's conviction. The evidence may be different upon another trial.

■ Applying the ruling made in the 5th division of this opinion, relative to the rejection by the court of the testimony of Will Poole and complained of in Ground 11 (Special Ground 8) of the motion, a new trial is granted and the judgment overruling the defendant's motion for a new trial is error.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*