## 35090. LEWIS *v.* THE STATE.

Decided April 13, 1954.

54

*W. Harvey Armistead*, for plaintiff in error.

*Roy Leathers, Solicitor-General, Clarence Peeler, Jr., Assistant Solicitor-General,* contra.

GARDNER, P. J. ■ It occurs to us that, under this whole record, there are two main and controlling issues to be determined here: First, did the evidence sustain the verdict as to the general grounds? Second, was the $1,000 check referred to in the special presentment a payment under the general contract, or was it an entrustment as set forth in the special presentment which was drawn under the provisions of Code § 26-2809? We have no difficulty in reaching the conclusion that the evidence for the State sustains the special presentment as to the general grounds, and the assignments of error thereon are without merit.

■ We come next to discuss the second proposition, and that has given us considerable concern. It is somewhat related to and interwoven with the general grounds. The contention of the defendant is that the $1,000 was a payment under the gen-

eral contract; and, since Mrs. Davis had breached the contract herself, he had a lawful right to use the $1,000 to reimburse himself for expenditures which he had made out of his own pocket and for obligations due for labor and material, when she, Mrs. Davis, breached the contract.

The case was tried on these two theories, and the court gave a clear-cut charge of the law as to these issues, leaving the jury to say as to which contention it would support. The jury found that under the facts the presentment alleged an entrustment over and beyond the general contract. In this connection the judge charged: "However, gentlemen, the defendant in this case contends that he is not guilty by reason of the fact that he states that he had a contract with Mrs. Davis for a certain amount to erect for her a house; that this check in question was given to him by Mrs. Davis in the same manner and along the same lines as other checks were given him for the purpose of constructing that dwelling and for doing extras that he says was done, that wasn't included in the contract. And that he has put on—paid out of his own personal funds more than has actually been paid him by Mrs. Davis, including the check for $1,000. Gentlemen of the jury, now if you should find that to be the case and this check was issued for that purpose, then you would be authorized to find the defendant not guilty if the State has not made out its case or you have a reasonable doubt as to the guilt of the defendant, it would be your duty to acquit him. . . Gentlemen of the Jury, now should you find that this check was issued for a specific purpose, and delivered to the defendant, and that those things for which it was given were not carried into existence by the defendant, and that he fraudulently converted that check to his own use, then as the court has stated, you would be authorized to find the defendant guilty. Gentlemen, however, if you should find, as the court has instructed you, that this check was given along with other checks in the same manner and for the same purpose, not for the specific object as contended by the State, but for the purpose and intention of finishing the construction of the house and doing the extra work that the defendant claims was agreed upon by he and the prosecutrix, Mrs. Davis, then, gentlemen of the jury, it would be your duty to find this defendant not guilty."

We think that the law of this case is contained in *Walker* v. *State*, 117 *Ga.* 260 (1) (43 S. E. 701), wherein the Supreme Court said: "Where one entrusted with money by another fraudulently converts it to his own use, he is guilty of larceny after trust, though he may have fraudulently induced the delegation of the trust with intent to so convert the money."

In the decision of that same case, the court stated: "The evidence submitted upon the trial fully sustained the charges made in the indictment. Counsel for the plaintiff in error contend that it appeared from the evidence that the prosecutor's firm was fraudulently induced by the accused to entrust him with the twenty-five dollars, his intention at the time being to convert the money, after being entrusted with it, to his own use. For this reason they say that he was not guilty of larceny after trust delegated, and, to sustain their contention, cite *Wylie* v. *State*, 97 *Ga.* 207. [Here appears a differentiation between *Wylie* v. *State*, and the case decided]. . . Here the accused was entrusted with money for a specific purpose, and the fact that he, by fraudulent representations made to the members of the firm entrusting him with it, may have induced the trust can make no difference. Though he may have lied in order to get the firm to entrust him with the money, still if he was, as the evidence shows, entrusted with it, and then converted it to his own use, he was guilty of the charge made in the indictment."

We think that the facts in the instant case as determined by the jury make out a case of entrustment as specified in the presentment, and take the defendant from out of the protection mentioned in *Wylie* v. *State*, supra, and *Huff* v. *State*, 79 *Ga. App.* 717 (54 S. E. 2d 446), as well as *McJenkin* v. *State*, 62 *Ga. App.* 321 (7 S. E. 2d 812), and citations in those cases. Therefore, the contentions of the defendant, first, that the evidence does not support the verdict on the general grounds, second, that the evidence shows that, at the trial of the said case, the prosecutrix owed the defendant the sum of three or four hundred dollars on the contract price for the construction of the house, and third, that the court erred in failing to direct a verdict of not guilty, are without merit.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*