## Richmond

JULIAN E. MAYE v. COMMONWEALTH OF VIRGINIA.

June 12, 1972.

Record No. 7892.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Eaton Brooks* (*Michael and Dent*, on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Julian E. Maye (Maye or defendant) waived a trial by jury and was convicted by the trial court of grand larceny after bailment of an automobile in violation of Code § 18.1-163. Maye was sentenced to serve a term of three years in the state penitentiary.

Maye's appeal is grounded on the proposition that the statute is unconstitutional. He says that it violates the due process provisions of the Fifth and Fourteenth amendments of the Constitution of the United States and § 8 of Article I of the Constitution of Virginia (1971).

Code § 18.1-163 provides:

"§ 18.1-163. **Failure to Return Such Animal, Aircraft, Vehicle or Boat.**—If any person comes into the possession as bailee of any animal, aircraft, vehicle, boat or vessel, and fail to return the same to the bailor, in accordance with the bailment agreement, he shall be deemed guilty of larceny thereof and receive the same punishment, according to the value of the thing stolen, prescribed for the punishment of the larceny of goods and chattels. The failure to return to the bailor such animal, aircraft, vehicle, boat or vessel, within five days from the time the bailee has agreed in writing to return the same shall be prima facie evidence of larceny by such bailee of such animal, aircraft, vehicle, boat or vessel."

Maye argues that the failure of the statute to require *mens rea* or *scienter* is fatal.

The distinction between larceny after bailment and the common law offense of larceny is that in the former it is not necessary to allege or prove that the original taking was trespassory. *United States* v. *Closkey*, 411 F.2d 1212 (4th Cir.1969).

A claim that a statute on its face contains no requirement of *mens rea* or *scienter* is no ground for holding the statute unconstitutional since such requirement will be read into the statute by the court when it appears the legislature implicitly intended that it must be proved. *Morissette* v. *United States*, 342 U.S. 246, 250 (1952); *United States* v. *Johnson*, 419 F.2d 56, 60 (4th Cir. 1969), *cert. den.*, 397 U.S. 1010.

*Affirmed.*