**UNITED STATES of America,**
**Appellee,**

v.

**Charles Edward PARKER, Appellant.**

**No. 75–1178.**

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 11, 1975.

Decided Sept. 11, 1975.

---

6. Rule 37(a)(4).

7. Rule 37(b).

Donald T. Cheatham, Alexandria, Va., for appellant.

Stephen R. Pickard, U. S. Atty., for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

On February 15, 1974, Charles Edward Parker rented an automobile from the Avis Rent-A-Car System, Inc., while at National Airport in Washington, D. C., an area within federal jurisdiction. According to his rental agreement, the car was to be returned three days later. It was not until April 18, 1974, however, that Avis was able to recover the car. On the basis of these events, Parker was indicted and convicted under 18 U.S.C. § 13, the Federal Assimilative Crimes Statute, for violating Section 18.1–163 of

the Code of Virginia.[1] He now appeals this conviction, claiming that Section 18.-1–163 of the Virginia Code is unconstitutional, both on its face and as applied.

## I

The first sentence of that statute clearly sets forth two elements of the conduct prohibited thereunder: (1) the actor must be a bailee of an animal, aircraft, vehicle, boat or vessel; and (2) he must fail to return such possession in accordance with the terms of the bailment agreement. Nowhere in that statute, however, is there an explicit requirement of criminal intent. Petitioner argues that such omission renders the statute fatally defective. We disagree.

■■■ At common law, criminal intent was an essential element of proof of every crime. *United States' v. Balint,* 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922). It remains an essential element, today, in crimes *mala in se,* particularly ones involving the taking of another's property. *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). Undoubtedly cognizant of these principles, the Virginia Supreme Court of Appeals upheld the challenged statute as constitutional on the basis that the requirement of criminal intent would be read into it by the courts. *Maye v. Commonwealth,* 213 Va. 48, 189 S.E.2d 350 (1972). While the Virginia court did not consider the nature of this intent which would be required under the act, we think that when and if faced with that issue it will look to the common law elements of larceny. Our conclusion is based on the label affixed by the legislature to the crime defined: larceny after bailment. Such label clearly indicates an

intent to create a new statutory crime, incorporating some elements of the existing crime of larceny, defined as it was at common law.[2] Elements of common law larceny which are consistent with a taking by a bailee, such as the intent at the time of taking to permanently deprive another of his possession, would be incorporated, while elements not consistent therewith, such as a trespassory taking, would not be. *United States v. Closkey,* 411 F.2d 1212 (4 Cir. 1969). Parker's contentions that the statute is void for failure to define the time and nature of the requisite criminal intent are therefore meritless. The statute attacked is not so vague as to deny to the average individual of ordinary intelligence fair notice that certain actions are proscribed. *Cf. Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *United States v. Morningstar,* 456 F.2d 278 (4 Cir. 1972), *cert. den.* 409 U.S. 896, 93 S.Ct. 135, 34 L.Ed.2d 153 (1972).

## II

Parker directs his second attack to the presumption written into the statute that the failure of a bailee to return the bailed possession within five days of the date agreed upon in writing constitutes prima facie evidence of larceny. He asserts that it is unconstitutional both on its face and as applied to the present case. We must again disagree.

■■■ Aside from the question as to whether the presumption is constitutional on its face, any harm resulting from its application to the present case was avoided by the trial court's exhaustive instructions to the jury:

1. Va.Code § 18.1–163 states:

Failure to return such animal, aircraft, vehicle or boat. If any person comes into the possession as bailee of any animal, aircraft, vehicle, boat or vessel, and fail to return the same to the bailor, in accordance with the bailment agreement, he shall be deemed guilty of larceny thereof and receive the same punishment, according to the value of the thing stolen, prescribed for the punish-

ment of the larceny of goods and chattels. The failure to return to the bailor such animal, aircraft, vehicle, boat or vessel, within five days from the time the bailee has agreed in writing to return the same shall be prima facie evidence of larceny by such bailee of such animal, aircraft, vehicle, boat or vessel.

2. Virginia has not enacted a statutory definition of larceny, looking instead to the Common Law.

The crime charged in the case requires proof of specific intent before the defendant can be convicted.

. . . Such intent may be determined from all the facts and circumstances surrounding the case. . . .

.   .   .   .   .

If you find beyond a reasonable doubt that the defendant failed to return the motor vehicle to Avis within five days from the time he had agreed in writing to do so [ . . . ] and such failure is not satisfactorily explained [ . . . ] you may find from these facts and may draw from these facts the inference [ . . . ] that at the time he failed to return it he did so with the intent to steal the vehicle.

*This is an inference which you may but are not obliged to draw.* [Emphasis added]

(Transcript at 75–76). These instructions were based not on the statutory presumption assailed by Parker but on standard legal principles applicable in the absence of such a presumption. As a result, the jury's verdict was not rendered infirm by the alleged invalidity of that statutory presumption. *See United States v. Childs,* 463 F.2d 390 at 393 (4 Cir. 1972).

### III

That the vehicle allegedly stolen was returned prior to prosecution in no way undermines the jury's verdict. It does, of course, constitute relevant evidence on the issue of whether Parker originally intended to deprive Avis of the car permanently. It does not, however, constitute an absolute defense. Were we to hold otherwise, to be consistent we would have to declare that the perpetrator of a theft could escape prosecution by returning stolen items prior to institution of criminal proceedings. Such a holding would be contrary to the dictates of commonsense; moreover, it would violate well-established principles of law.

Accordingly, the judgment of the district court is

*Affirmed.*