Samuel McPHATTER, Petitioner,

v.

William D. LEEKE, Commissioner, and the Attorney General of the State of South Carolina, Respondents.

Civ. A. No. 77–666.

United States District Court, D. South Carolina, Columbia Division.

Jan. 12, 1978.

Roy T. Stuckey, Vance L. Cowden, John L. Davidson, Corrections Clinic, University of S. C. School of Law, Columbia, S. C., for petitioner.

Emmet H. Clair, Asst. Atty. Gen., Columbia, S. C., for respondents.

## ORDER

CHAPMAN, District Judge.

This habeas corpus petitioner seeks relief from confinement on the grounds that his state court conviction was obtained in violation of his rights under the Fifth and Sixth Amendments. He has moved for summary judgment under Fed.R.Civ.P. 56. The trial transcript reveals that petitioner visited an automobile dealership in Marion, South Carolina, and inquired about purchasing a 1970 Pontiac. He told the salesman that his name was Joe Jackson and that he lived at 267 Liberty Street. He said that his wife wanted a car like the Pontiac and, after a short discussion with the salesman, they agreed on a price of $1,450.00. Petitioner said he wanted to show the car to his wife to see if she liked it before they finalized the sale and he requested permission to drive the car to her place of employment which he said was about a block away. After petitioner asked about someone from the dealership going with him, the salesman replied that he was busy but that it was all right for him to take the car by himself since he was going to return in 15 to 20 minutes. When he failed to return the car the salesman reported the car stolen. Petitioner and the car were subsequently found in Laurinburg, North Carolina.

Petitioner was subsequently brought to trial on charges of grand larceny and breach of trust with fraudulent intent. After the presentation of the state's case the judge directed a verdict on larceny and submitted the charge of breach of trust with fraudulent intent to the jury. The jury returned a verdict of guilty and appeal was taken to the South Carolina Supreme Court. The public defender who had represented petitioner at the trial filed an *Anders* brief requesting permission to withdraw from the case on the ground that the appeal was frivolous. As a result of the public defender's withdrawal request, a brief was filed in support of petitioner's appeal by the Corrections Clinic at the USC Law School. The clinic made three arguments to the Supreme Court: (1) that the state had failed to prove that petitioner *lawfully* obtained possession of the automobile, *lawful* possession being an essential element of breach of trust with fraudulent intent; (2) that the state failed to prove the element which requires that the fraudulent intent be formed *after* lawful possession is obtained; and (3) that the state failed to prove a trust relationship between petitioner and the car dealership.

The South Carolina Supreme Court, in a *per curiam* opinion, approved the *Anders* brief of the public defender and dismissed the appeal finding the arguments made by the Corrections Clinic to be frivolous. After exhausting all state post-conviction remedies, petitioner, through the Corrections Clinic, filed the present petition with this Court. Petitioner claims that his right to due process under the Fifth Amendment was violated because all of the elements of

breach of trust with fraudulent intent were not proved beyond a reasonable doubt.

Petitioner correctly argues that due process requires that every element of a criminal offense be proved beyond a reasonable doubt.[1] He has presented this Court with the same contentions raised on appeal to the Supreme Court; that the state failed to prove beyond a reasonable doubt the essential elements of initial *lawful* possession of the car, fraudulent intent formed after obtaining possession, and a trust relationship between him and the dealership.

Petitioner's most vigorous argument is that the state failed to prove that he *lawfully* acquired possession of the 1970 Pontiac because the evidence showed that he fraudulently induced the salesman to let him drive the car by furnishing false statements about his name, residence, and his wife's employment. By alleging that his possession of the automobile was *unlawful*, petitioner is essentially contending that he was guilty of larceny, the offense on which the state judge directed a verdict, but that he was not guilty of breach of trust, the charge on which he was convicted by the jury.

■ Under the common law, an essential element of the offense of larceny is an unlawful acquisition of possession or a "trespassory taking."[2] Accordingly, when a person in lawful possession of property, such as a bailee, formulates an intent to convert property to his own use, and does so convert the property, he cannot be convicted of larceny. In order to cure this deficiency in the common law the South Carolina legislature enacted a statute which ex-

panded the crime of larceny to include breach of trust with fraudulent intent. This statute provides:

> Any person committing a breach of trust with a fraudulent intention shall be held guilty of larceny and so shall any person who shall hire or counsel any other person to commit a breach of trust with a fraudulent intention.[3]

Many of the cases construing this section have explained the expansion of the common law crime of larceny by differentiating between breach of trust with fraudulent intent, where the original possession is *lawful,* and common law larceny where possession has been obtained *unlawfully.*[4] From these cases petitioner erroneously concludes that *lawful* possession is an "essential element" of breach of trust. A careful reading of the language of § 16–13–230 together with the South Carolina decisions reveals that that statute did not establish a new offense with an essential element of lawful possession. Section 16–13–230 merely expanded the definition of common law larceny by eliminating the element of trespassory taking or unlawful possession.[5] Accordingly, after the enactment of the statute it became possible to convict a person of larceny without the necessity of proving unlawful possession. The statute merely eliminated an element, unlawful possession; it did not create a new element of lawful possession.

This conclusion is supported by the cases. Virginia expanded its common law definition of larceny by including under the crime of larceny an offense called "larceny after bailment." The Virginia statute provides:

---

1. *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

2. *State v. Posey*, 88 S.C. 313, 70 S.E. 612 (1911). *See also United States v. Parker*, 522 F.2d 801 (4th Cir. 1975); *Stewart v. United States*, 151 F.2d 386 (8th Cir. 1945).

3. S.C.Code Ann. § 16–13–230 (1976).

4. *State v. Owings*, 205 S.C. 314, 31 S.E.2d 906 (1944); *State v. McCann*, 167 S.C. 393, 166 S.E. 411 (1932).

5. In *State v. Owings, supra,* the court stated, "Breach of trust is larceny after trust, which includes all of the elements of larceny . . . *except the unlawful taking* in the beginning." (emphasis added). With respect to a Virginia statute making "larceny after bailment" criminal, the court in *Maye v. Commonwealth*, 213 Va. 48, 189 S.E.2d 350, 351 (1972), stated, "The distinction between larceny after bailment and the common law offense of larceny is that in the former it is *not necessary* to allege or prove that the original taking was trespassory." (emphasis added).

Failure to return such animal, aircraft, vehicle or boat.—If any person comes into the possession as bailee of any animal, aircraft, vehicle, boat or vessel, and fail to return the same to the bailor, in accordance with the bailment agreement, he shall be deemed guilty of larceny thereof and receive the same punishment, according to the value of the thing stolen, prescribed for the punishment of the larceny of goods and chattels.[6]

The cases arising under this section have not construed it as requiring lawful possession as an element under the statute. They merely say that the statute eliminated the necessity of proving a "trespassory taking."[7]

In Georgia the statutory extension of larceny which is similar to breach of trust with fraudulent intent is called "larceny after trust delegated." In *Bryant v. State*,[8] the court held that one series of events may constitute *both* simple larceny and larceny after trust delegated and that an accused may be charged and convicted of *either* offense. If lawful possession were an essential element of larceny after trust the offenses would be mutually exclusive. Proof of unlawful possession to convict of larceny would disprove the lawfulness of possession for larceny after trust and vice versa. The case of *Walker v. State*[9] is remarkably similar to the one at bar. There the evidence indicated that the defendant fraudulently induced another to intrust him with $25, his intention being to convert the money to his own use. After being convicted of larceny after trust delegated he moved for a new trial relying on evidence pointing to the fraudulent acquisition of the money. The Court affirmed the conviction with the following language:

Here the accused was intrusted with money for a specific purpose, and the fact that he, by fraudulent representations made to the members of the firm intrust-

ing him with it, may have induced the trust, can make no difference. Though he may have lied in order to get the firm to intrust him with the money, still, if he was, as the evidence shows, intrusted with it, and then converted it to his own use, he was guilty of the charge made in the indictment.[10]

The logic of the foregoing cases becomes compelling in light of *State v. Posey*.[11] In this case the South Carolina Supreme Court permitted a conviction for breach of trust with fraudulent intent to stand despite evidence that the defendant had fraudulently obtained possession of the money which he thereafter converted. The Court held that the defendant could have been convicted of *either* breach of trust or simple larceny thereby preventing the two offenses from being mutually exclusive.

Since the cases have not held the crimes of larceny and breach of trust with fraudulent intent to be mutually exclusive, there is no requirement that *lawful* possession be proved to convict of breach of trust. In fact, both offenses merge and constitute the single crime of larceny. The state judge was obliged to direct a verdict on one of the counts and the fact that he chose the larceny count is of no consequence. By so doing he merely made unnecessary the state's proof of petitioner's unlawful possession of the car.

■ Petitioner also alleges that the state failed to prove that he "formed the intent to convert the property to his own use after lawful possession was obtained." There was no question that the evidence established petitioner's fraudulent intent. The complaint relates to the *time* when the intent to convert the car was formed. This issue is closely related to the one just discussed relating to the lawfulness of the possession. If the defendant could have

---

**6.** Va.Code § 18.1–163.

**7.** *Maye v. Commonwealth, supra;* *United States v. Parker, supra.*

**8.** 8 Ga.App. 389, 69 S.E. 121 (1910).

**9.** 117 Ga. 260, 43 S.E. 701 (1903).

**10.** 43 S.E. at 702. *See also Lewis v. State,* 90 Ga.App. 53, 81 S.E.2d 856 (1954).

**11.** 88 S.C. 313, 70 S.E. 612 (1911).

been convicted of *either* larceny or breach of trust then it does not matter when the fraudulent intent was developed as long as it existed at some point in time. If a time element did exist, then the crimes would be mutually exclusive. Proof to establish larceny (fraudulent intent prior to possession) would disprove breach of trust and vice versa. As previously discussed, however, the crimes of larceny and breach of trust are not mutually exclusive but rather merge into one crime and the timing of the fraudulent intent is irrelevant. Petitioner is again confusing the essential elements of each offense by a too strict reading of the cases which discuss the expansion of common law larceny to include breach of trust.

█ According to petitioner the state also failed to prove the existence of a trust relationship, an essential element of breach of trust with fraudulent intent. Petitioner argues that no trust arises out of a buyer-seller relationship. In this case, however, a buyer-seller relationship was never created since a sale was never consummated. The salesman merely lent petitioner the car as a result of the fraudulent representations made by him. Although the lending of the car to the petitioner created no fiduciary obligations, his possession of the car nonetheless created a "trust". Many South Carolina cases have held that a "constructive trust" arises in cases such as this where property is fraudulently acquired.[12] Petitioner's claim that no trust was established is without merit.

█ Petitioner also seeks relief from confinement on the ground that he was denied his Sixth Amendment right to a court appointed lawyer on appeal. He alleges that the public defender's withdrawal from the case under *Anders v. California*[13] denied him the opportunity to raise the Fifth Amendment arguments discussed above in his appeal to the South Carolina Supreme Court. There is no merit to this claim.

The public defender submitted a brief to the Supreme Court in which he stated, "Upon a full review of the transcript of this case and the preliminary hearing, it is my sincere opinion that the record does not contain a meritorious exception on which to base a non-frivolous appeal." This Court finds that the brief filed by the public defender conformed to the rules established by *Anders*. The fact that the petitioner or members of the Corrections Clinic read South Carolina law as requiring lawful possession as an element of breach of trust with fraudulent intent does not mean that such a reading has arguable merit. The public defender apparently viewed the law of breach of trust in the same manner as this Court and justifiably refused to misstate or misrepresent the legal principles of larceny to the Supreme Court.

Although the petitioner's motion for summary judgment is presently at issue, this Court has authority to grant a summary judgment in favor of the respondents if it finds that they are entitled to judgment as a matter of law.[14] The petition for habeas corpus does not state a meritorious claim under either the due process clause of the Fifth Amendment or under the right to counsel language of the Sixth Amendment.

IT IS, THEREFORE, ORDERED that summary judgment be entered in favor of the respondents.

AND IT IS SO ORDERED.

---

12. *See e. g. Wolfe v. Wolfe,* 215 S.C. 530, 56 S.E.2d 343 (1949).

13. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

14. Fed.R.Civ.P. 56; *Lowenschuss v. Kane,* 520 F.2d 255 (2d Cir. 1975).