## Salem

COMMONWEALTH OF VIRGINIA

v.

JOHNNY LEE HENSLEY

No. 0494-87-3

Decided December 20, 1988

COUNSEL

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General), for appellant.

Bruce E. Welch, for appellee.

OPINION

MOON, J.— This appeal is pursuant to Code § 19.2-398, 'which permits the Commonwealth to file an appeal when a trial court dismisses an indictment upon the ground that a statute is unconstitutional. Johnny Lee Hensley was indicted on a charge that he violated Code § 58.1-637, which provides:

> If any check tendered for any amount due under this chapter is not paid by the bank on which it is drawn and such person fails to pay the Commissioner the amount due the State within five days after the Commissioner has given him written notice by registered or certified mail or in person by an agent that such check was returned unpaid, the person by whom such check was tendered shall be guilty of larceny.

Hensley had given the Department of Taxation a $3,351.38 check that was returned for insufficient funds. Hensley moved to dismiss the indictment upon the ground that Code § 58.1-637 was unconstitutional because, among other things, the statute permits a person to be convicted of a crime without the stated requirement that the Commonwealth prove a *mens rea* or *scienter*. We hold that the statute is constitutional because the requirement that the Commonwealth prove a *mens rea* or *scienter* will be read into a statute when it appears the legislature intended that such an element be proved. *See Morissette v. United States*, 342 U.S. 246, 263 (1952); *United States v. Johnson*, 419 F.2d 56, 60 (4th Cir. 1969), *cert. denied*, 397 U.S. 1010 (1970); *United States v. Parker*, 522 F.2d 801, 803 (4th Cir. 1975); *Maye v. Commonwealth*, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972).

Hensley relies upon the case of *Makarov v. Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1976), where the Supreme Court found Code § 40.1-29 unconstitutional. That statute provided that any employer who failed to pay his employees all wages and salaries due upon termination of employment would be guilty of a misdemeanor. The Supreme Court held that while there was no explicit proscription in Virginia's Constitution against imprisonment for debt, it nevertheless was clear that a person could not be

imprisoned, absent fraud, for mere failure to pay a debt arising from a contract. The Commonwealth argued that the court could read into § 40.1-29 a requirement of criminal intent, as it had done with Code § 18.2-117 in *Maye*. The *Makarov* court refused to employ *Maye* as a precedent because in *Maye* the court construed a statute dealing with larceny, a crime which was derived from the common law and which presupposes a *mens rea*, unlike the wage and salary statute. Therefore, it would not assume that the legislature intended to include intent to defraud as an element of the offense.

We agree with the Commonwealth that since Code § 58.1-637 states that a defendant shall be guilty of larceny, the statute is for the present purpose indistinguishable from Code § 18.2-117, the statute construed in *Maye*. As the Supreme Court said in *Makarov*: "There (*Maye*), we construed a statute specifically dealing with larceny, a crime which presupposes a *mens rea*. But here the statute on its face deals with a naked civil debt and we cannot say the General Assembly implicitly meant to include proof of an intent to defraud as an essential element of the offense." 217 Va. at 385-86, 228 S.E.2d at 576.

The only difference between Code § 18.2-117 and § 58.1-637 is the added requirement in Code § 58.1-637 that the Commonwealth prove notice and failure to pay within five days as an element of its case, rather than using failure to return bailed goods merely as presumptive of intent.

Code § 18.2-117 provides that a person who fails to return certain bailed goods in accordance with the bailment agreement "shall be deemed guilty of larceny." In addition, if there is a written agreement as to the time for return and return is not made within five days of such time, the Commonwealth may avail itself of the presumption that the failure to return was larcenous, i.e., done with intent to deprive the bailor of possession.

By contrast, Code § 58.1-637 requires the Commonwealth to prove not only that the tendered check was returned unpaid, but also that the defendant was given five days written notice by registered or certified mail of its dishonor and failed to make it good. Hensley, in his argument before the circuit court, argued that this additional requirement amounted to a presumption of intent from failure to pay. The requirement is not, however, a pre-

sumption. It is an element of the offense. The Commonwealth must prove more to obtain a conviction under Code § 58.1-637 than under Code § 18.2-117. Therefore, there is no less reason to read a requirement of *mens rea* into the statute presented in this case than into the larceny-after-bailment statute, as was done in *Maye* and *Parker*. Here, as in *Maye* and *Parker*, we are dealing with a statute that incorporates certain common elements of a common law crime, that of larceny, into a new statutory offense. Among those elements is that of a *mens rea. See, e.g., United States v. Freed*, 401 U.S. 601 (1971). The circuit court's dismissal of the indictment is reversed and this case is remanded.

*Reversed and remanded.*

Koontz, C.J., and Coleman, J., concurred.