COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


TINESHA L. BERT

                                          MEMORANDUM OPINION[*] BY
v.      Record No. 1499-10-1              CHIEF JUDGE WALTER S. FELTON, JR.
                                          OCTOBER 18, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
E. Preston Grissom, Judge

Brenda C. Spry (Office of the Public Defender, on brief), for
appellant.

John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General; Alice T. Armstrong, Assistant Attorney
General, on brief), for appellee.


Following a bench trial, Tinesha L. Bert ("appellant") was convicted by the Circuit Court for

the City of Portsmouth ("trial court") for fraudulent conversion or removal of leased personal

property, in violation of Code § 18.2-118. After review of the record on appeal, we conclude that

the trial court erred in finding the evidence sufficient to prove that appellant acted with fraudulent

intent. Accordingly, we reverse and dismiss appellant's conviction.

I. BACKGROUND

"On appeal, we consider the evidence in the light most favorable to the Commonwealth,

the prevailing party in the [trial] court, and we accord the Commonwealth the benefit of all

reasonable inferences deducible from the evidence." Brown v. Commonwealth, 278 Va. 523,

527, 685 S.E.2d 43, 45 (2009). The evidence at trial proved that on July 15, 2009, appellant

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entered the Crusader Rent-to-Own ("Crusader") in Portsmouth, seeking to rent a 50" plasma television. The manager of Crusader, Mark Fraiser, testified for the Commonwealth that the store rents appliances, electronics, and furniture on a weekly or monthly basis with no long-term obligations for consumers. He further testified that, if at any time during the rental period a renter could not afford the payments on the rental item, he or she "can just turn [the item] back in."

Fraiser testified that appellant completed a customer application and lease-purchase agreement to rent a 50" plasma television for $37.99 per week, or -- at appellant's option -- $123.99 per month.[1] Appellant provided her Department of Motor Vehicles-issued identification card as proof of identity as part of the application process. On her rental application, appellant provided the names and telephone numbers of her landlord, employer, and six personal references. Fraiser testified that a Crusader employee contacted appellant's landlord, employer, and references to verify the information in appellant's application.[2] Fraiser approved appellant's application to rent the television on July 15, 2009, the same day appellant completed the application. Because Crusader "had a special running" that week, appellant paid only ten dollars for the first week's rental.

The following day, on July 16, 2009, Shawn Scott, a Crusader employee, delivered the 50" plasma television to appellant at the address appellant provided as her residence on the application and lease-purchase agreement. As part of the delivery, Scott gave appellant a delivery checklist, which she completed and signed in Scott's presence. The checklist expressly provided that the next rental payment of $37.99 was due on July 24, 2009.

---

[1] The value of the plasma television was approximately $2,370.

[2] It is unclear from the record on appeal whether Fraiser or another Crusader employee contacted appellant's landlord, employer, and references on July 15, 2009.

After her initial ten dollar payment, appellant never made any subsequent payments for the rental television and never returned it to Crusader. Fraiser testified his efforts to contact appellant related to the television rental were unsuccessful. He visited the address appellant provided on the lease agreement but was unable to contact her there. His efforts to contact the references appellant provided on the application were also unsuccessful, as was his attempt to contact appellant's landlord.[3] Fraiser testified that "[a] lot" of the telephone numbers appellant provided on her rental application, and used by Crusader to establish that appellant qualified for the lease, were disconnected at the time he tried to contact appellant regarding the return of the television. He testified that the telephone number appellant had provided on her application for her landlord was for a cell phone, not for a leasing office or other place of business. Fraiser did not send written notice to appellant pursuant to Code § 18.2-118(b).[4]

Appellant moved to strike the Commonwealth's evidence at the conclusion of its case-in-chief. She argued that the Commonwealth failed to prove she intended to defraud Crusader because the information she supplied on her rental application was accurate and that Crusader approved her application. She also asserted that her landlord's use of a cell phone rather than a land line did not negate that person's status as her landlord and that the failure of her references to maintain the same phone numbers used at the time appellant completed her rental application, without more, could not be attributed to appellant or evidence any intent on her part to defraud Crusader. The trial court denied appellant's motion to strike. Appellant presented no evidence, rested her case, and renewed her motion to strike the Commonwealth's

---

[3] The record on appeal is unclear as to when and how many times Fraiser attempted to contact appellant, her landlord, and her references.

[4] Code § 18.2-118(b) provides, in pertinent part, that an accused's failure to return rental property within ten days of receipt of written notice that the lease period for the property has expired "shall be *prima facie* evidence of intent to defraud."

- 3 -

evidence as being insufficient to prove she intended to defraud Crusader. The trial court again denied appellant's motion to strike and found her guilty of fraudulent conversion or removal of leased personal property, in violation of Code § 18.2-118. It sentenced her to five years incarceration, with three years suspended on the condition that she complete an indeterminate period of probation. This appeal followed.

## II. ANALYSIS

"When a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, this Court 'has a duty to examine all the evidence that tends to support the conviction.'" Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). After viewing the evidence in the light most favorable to the Commonwealth, the question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

### A.

Code § 18.2-118 provides, in pertinent part:

> (a) Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property . . . and such person so in possession or control shall, with intent to defraud . . . fail to return such property to the lessor thereof within ten days after expiration of the lease or rental period for such property stated in such written lease, he shall be deemed guilty of the larceny thereof.

> (b) The fact that such person . . . fails to return such property to the lessor thereof within ten days after the giving of written notice to such person that the lease or rental period for such property has expired, shall be *prima facie* evidence of intent to defraud.

To sustain a conviction under Code § 18.2-118, the Commonwealth must prove, *inter alia*, that appellant intended to deprive Crusader of the weekly rental payments in the amount of $37.99 for use of the leased television set. See, e.g., Bray v. Commonwealth, 9 Va. App. 417,

422, 388 S.E.2d 837, 839 (1990) ("Intent to defraud means that the [accused] intend[ed] to 'deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter, or terminate a right, obligation or power with reference to property.'" (quoting Black's Law Dictionary 381 (5th ed. 1979))). "To determine whether fraudulent intent exists, the Court must 'look to the conduct and representations of the defendant. Whether fraud actually existed will depend upon the circumstances in each case.'" Rader v. Commonwealth, 15 Va. App. 325, 329, 423 S.E.2d 207, 210 (1992) (internal citation omitted) (quoting Norman v. Commonwealth, 2 Va. App. 518, 519-20, 346 S.E.2d 44, 45 (1986)).

B.

The record on appeal demonstrates that the Commonwealth failed to establish a *prima facie* showing of appellant's intent to defraud Crusader, pursuant to Code § 18.2-118(b). Crusader did not provide appellant with any written or other notice, following her failure to pay the rental payments, notifying her that the lease period for the plasma television had expired and that she was required to return the television to Crusader. By failing to provide the statutory written notice to appellant, the Commonwealth was not entitled to the benefit of the statutory inference of intent to defraud.

The record on appeal established that appellant breached her lease agreement with Crusader by failing to make rental payments or to return the leased television to Crusader after she failed to make the lease payments required by the lease agreement.[5] However, the gravamen of the criminal offense of fraudulent conversion of leased personal property is the intent to defraud. As the Commonwealth conceded at oral argument before this Court, appellant's intent

---

[5] The lease agreement provided, in pertinent part, that appellant agreed to pay $37.99 per week for 104 weeks, for a total of $3950.96, for the television set, and had the right to terminate the lease agreement "at any time . . . without further obligation or penalty, by returning the [television] to [Crusader] in its original condition, ordinary wear and tear excepted."

to defraud Crusader cannot be proved beyond a reasonable doubt by merely showing that appellant failed to honor the terms of her lease agreement. Oral Argument at 17:13. The Commonwealth is required to establish beyond a reasonable doubt that appellant intended to defraud Crusader of the value of its leased property. An accused "[cannot] be imprisoned, absent fraud, for mere failure to pay a debt arising from a contract." Commonwealth v. Hensley, 7 Va. App. 468, 469-70, 375 S.E.2d 182, 182-83 (1988). Although the Commonwealth's evidence was sufficient to prove that appellant breached her written lease agreement with Crusader, the evidence failed, as a matter of law, to prove beyond a reasonable doubt that appellant intended to defraud Crusader by failing to abide by the terms of the lease agreement. Accordingly, we conclude the trial court erred in convicting appellant of fraudulent conversion of leased personal property, in violation of Code § 18.2-118.

### III. CONCLUSION

For these reasons, we reverse appellant's conviction and dismiss the indictment.

Reversed and dismissed.