**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Celia Elizabeth Windham, Appellant.

Appellate Case No. 2023-000283

———————

Appeal From Sumter County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-425
Submitted November 1, 2025 – Filed December 23, 2025

———————

**AFFIRMED**

———————

Appellate Defender Jessica M Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** Celia Elizabeth Windham appeals her conviction for breach of trust with fraudulent intent[1] and sentence of one year's incarceration suspended upon payment of a $100 fine. On appeal, Windham argues the trial court erred in denying a directed verdict in her favor because section 16-13-230 of the South Carolina Code (2015) requires the State to prove a trust relationship formed between Windham and the victim. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court properly denied Windham's motion for directed verdict because the State presented evidence reasonably tending to prove the elements of breach of trust with fraudulent intent. *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Harris,* 351 S.C. 643, 653, 572 S.E.2d 267, 273 (2002) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find that the case was properly submitted to the jury."); *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011) ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State."); § 16-13-230(A) ("A person committing a breach of trust with a fraudulent intention . . . is guilty of larceny."); *State v. Shirer*, 20 S.C. 392, 408 (1884) ("The question under our act is, whether the party charged received the property in trust, which he afterwards violated. . . ."); *McPhatter v. Leeke*, 442 F. Supp. 1252, 1256 (D.S.C. 1978) ("Although the lending of the car to the petitioner created no fiduciary obligations, his possession of the car nonetheless created a 'trust'. . . . Petitioner's claim that no trust was established is without merit."); *State v. Parris*, 363 S.C. 477, 485, 611 S.E.2d 501, 505 (2005) (Pleicones, J., concurring) ("Because there is evidence that [the defendant] converted the [victim's] money for his own use, thus breaching their confidence, [the defendant] was not entitled to a directed verdict.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] S.C. Code Ann. § 16-13-230 (2015).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.